JANE BAILEY *v.* STATE OF CONNECTICUT
(AC 20350)

Foti, Schaller and O'Connell, Js.

---

Argued May 31—officially released September 11, 2001

*Brian W. Prucker*, for the appellant-appellee (plaintiff).

*Donna J. Hixon-Smith*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *William J. McCullough*, assistant attorney general, for the appellee-appellant (defendant).

FOTI, J. The plaintiff, Jane Bailey, appeals from the November 30, 1999 decision of the workers' compensation review board (board) reversing in part and affirming in part the decision of the workers' compensation commissioner (commissioner). The plaintiff claims that the board improperly reversed that portion of the commissioner's decision awarding her $12,000 in attorney's fees. The defendant state of Connecticut cross appeals from the board's decisions of January 12, 1999 and November 30, 1999. On its cross appeal, the defendant claims that the board improperly upheld the commissioner's decision to grant the plaintiff's motion for a protective order that precluded the defendant from

requesting an independent medical examination of the plaintiff.[1] We affirm the board's November 30, 1999 decision to reverse the commissioner's award of $12,000 in attorney's fees. We conclude, however, that the commissioner improperly precluded the defendant from requesting an independent medical examination of the plaintiff. Accordingly, we reverse the board's January 12, 1999 and November 30, 1999 decisions in all other respects and remand the case to the board with direction to remand the matter to the commissioner for further proceedings consistent with this opinion.

The following facts and procedural history are relevant to the present appeals. In June, 1994, the commissioner found that the plaintiff had suffered from a compensable psychiatric condition related to workplace stress that she experienced in 1991. Neither party appealed from that decision. After conducting further hearings, the commissioner issued a supplemental finding and award in August, 1995. The commissioner, in that finding and award, found that the plaintiff was totally disabled from May 17, 1991, to January 20, 1994, and ordered the defendant to pay specific compensation and fees owed to the plaintiff. The commissioner also found a reasonable attorney's fee to be $12,000. The commissioner, however, did not order the defendant to pay that amount.

The defendant appealed to the board from that supplemental finding and award. On September 3, 1996, the board reversed the commissioner's finding and award, and remanded the matter to the commissioner for further proceedings to determine the extent of the plaintiff's disability. See *Bailey* v. *State*, 15 Conn. Workers' Comp. Rev. Op. 433 (1996). This court dismissed

[1] The defendant raises several other issues in its cross appeal that we need not address because our resolution of the issue relative to the protective order is dispositive.

the plaintiff's appeal from that decision for lack of a final judgment. Thereafter, the commissioner conducted further hearings to ascertain the extent of the plaintiff's disability between the date of her injury and January 20, 1994.

On August 14, 1997, the commissioner granted the plaintiff's motion for a protective order. That order precluded the defendant from conducting further cross-examination of the plaintiff and from requesting an independent medical examination of the plaintiff. The commissioner subsequently denied the defendant's motion for clarification of that order. The defendant appealed to the board from those interlocutory orders. On January 12, 1999, the board affirmed the commissioner's rulings insofar as they related to the plaintiff's claim for benefits through January 20, 1994. *Bailey* v. *State*, No. 3694 CRB-01-97-09 (January 12, 1999).

The commissioner ultimately issued his findings of facts and his award on remand. The commissioner ordered the defendant to pay to the plaintiff temporary total disability payments and medical bills for the period of April 30, 1991, through January 20, 1994. The commissioner also ordered the state to pay to the plaintiff "the $12,000 attorney's fee award previously assigned by [the commissioner] which has not been appealed" and an attorney's fee of $7500 for the defendant's unreasonable contest of the plaintiff's claim for benefits. He further ordered the defendant to pay the plaintiff's health insurance premiums during her period of disability, including a reimbursement of premiums she had paid.

The defendant appealed to the board from that finding and award, and on November 30, 1999, the board affirmed the finding and award with the exception of the $12,000 award of attorney's fees. *Bailey* v. *State*, No. 3922 CRB-02-98-10 (November 30, 1999). Both parties then filed the present appeals.

## PLAINTIFF'S APPEAL

The plaintiff argues that the board improperly reversed the commissioner's award of $12,000 in attorney's fees. We disagree.

We first set forth our standard of review. "The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . Neither the review board nor this court has the power to retry facts." (Internal quotation marks omitted.) *Gibbons* v. *United Technologies Corp.*, 63 Conn. App. 482, 485, 777 A.2d 688, cert. denied, 257 Conn. 905, 777 A.2d 193 (2001). "Our scope of review of [the] actions of the [board] is . . . limited. . . . [However,] [t]he decision of the [board] must be correct in law, and it must not include facts found without evidence or fail to include material facts which are admitted or undisputed." (Internal quotation marks omitted.) *Bryan* v. *Sheraton-Hartford Hotel*, 62 Conn. App. 733, 739, 774 A.2d 1009 (2001).

The plaintiff argues that the commissioner, in his supplemental finding and award, dated August 14, 1995, awarded $12,000 in attorney's fees to the plaintiff because he found that the defendant unreasonably contested or unreasonably delayed her claim for benefits.[2] She further argues that the commissioner made a "technical defect" in his decision by failing to include the payment of the $12,000 in his order. The plaintiff next asserts that the commissioner, on remand from the

---

[2] General Statutes § 31-300 provides in relevant part: "In cases where the claimant prevails and the commissioner finds that the employer or insurer has unreasonably contested liability, the commissioner may allow to the claimant a reasonable attorney's fee. . . ."

That section also provides that the commissioner may award attorney's fees in cases in which he or she has found that an employer or insurer has unduly delayed payment of benefits.

board, possessed the authority to "consider ancillary issues on remand." It follows, she argues, that the commissioner, in his October 20, 1998 finding and award, properly cured the "technical defect" in the commissioner's August 14, 1995 order when he included the payment of the fees in his order.[3]

The board concluded that the commissioner, in his August 14, 1995 finding and award, did not order the defendant to pay the $12,000 in attorney's fees to the plaintiff. The board did not find any evidence that the commissioner had found that the defendant had unreasonably contested the claim or had caused an undue delay in the payment of compensation benefits. The board noted that it declined to presume that the commissioner intended, at that time, to order the defendant to pay attorney's fees under General Statutes § 31-300. The board concluded that, rather than ordering the payment of attorney's fees, the commissioner invited the two law firms that had been involved in presenting the plaintiff's case to submit to him either an agreement for fee apportionment or their respective claims concerning apportionment within sixty days.

After reviewing the commissioner's August 14, 1995 finding and award, we conclude that the board properly concluded that the commissioner did not order the defendant to pay attorney's fees to the plaintiff. The plaintiff argues that the commissioner's failure to so order was a "technical defect" that the commissioner, in his October 20, 1998 finding and award, had the authority to cure. We cannot agree with that proposition for several reasons. First, it is contrary to the commissioner's August 14, 1995 finding and award. Apart from not including an order for payment of attorney's fees

---

[3] We note, although it does not affect our analysis, that the 1994 and 1995 findings and awards, and the 1998 finding and award, were issued by different commissioners.

in his finding and award, the commissioner neither cited to § 31-300 nor found that the defendant had acted in an unreasonable manner or had caused an undue delay. Such a finding is a necessary predicate to an order to pay attorney's fees under § 31-300.

Second, the defendant appealed to the board from the commissioner's August 14, 1995 supplemental finding and award. It challenged the commissioner's finding only as it related to the extent of the plaintiff's disability. The board considered the merits of the defendant's argument and remanded the matter to the commissioner "for new proceedings concerning the extent of disability." *Bailey* v. *State*, supra, 15 Conn. Workers' Comp. Rev. Op. 437. We have noted that a lower court is bound to follow the specific direction of an appellate court's mandate on remand. "[A] trial court cannot adjudicate rights and duties not within the scope of the remand. . . . It is the duty of the trial court on remand to comply strictly with the mandate of the appellate court according to its true intent and meaning." (Internal quotation marks omitted.) *Patron* v. *Konover*, 43 Conn. App. 645, 650, 685 A.2d 1133 (1996), cert. denied, 240 Conn. 911, 690 A.2d 400 (1997). Those principles also apply when the board remands an aspect of a dispute to a commissioner for further proceedings.

The board limited the scope of the commissioner's hearing on remand to ascertaining the extent of the plaintiff's disability. As neither party challenged the commissioner's resolution of any attorney's fees issue, the commissioner's decision regarding attorney's fees became final; the issue could not be relitigated. The doctrine of "res judicata may operate to preclude a claim decided in a previous proceeding within the same case." *Honan* v. *Dimyan*, 63 Conn. App. 702, 708, 778 A.2d 989 (2001). The board, therefore, properly vacated that part of the commissioner's award that ordered

payment of the "attorney's fee award previously assigned" by the commissioner.[4]

## DEFENDANT'S CROSS APPEAL

The dispositive issue in the defendant's cross appeal is whether the commissioner improperly granted the plaintiff's motion for a protective order, thereby precluding the defendant from requesting an independent medical examination of the plaintiff. We answer that question in the affirmative.

The following additional facts are necessary for our resolution of this issue. As we previously discussed, the board's September 3, 1996 decision remanded the case to the commissioner for further proceedings to ascertain the extent of disability between the date of the plaintiff's injury and January 20, 1994. On June 5, 1997, those further proceedings commenced before the commissioner. The defendant represented to the commissioner that, at that June 5, 1997 hearing, the plain-

---

[4] We agree with the board that the commissioner's award of $7500 in attorney's fees under General Statutes § 31-300 for unreasonable contest of the claim stands on different footing. That portion of the commissioner's award pertained only to the issue properly before the commissioner on remand, that is, ascertaining the extent of the plaintiff's disability. The commissioner awarded $7500 in attorney's fees because he found it necessary to compensate the plaintiff "for the time and expense of trying this case again [on remand] when the [defendant] still produced no credible evidence that the [plaintiff] had a work capacity." As the board concluded, "an award of attorney's fees for unreasonable contest is a possibility in any proceeding, even if that proceeding is a remand for a full hearing on one particular period of disability." *Bailey* v. *State*, supra, No. 3922 CRB-02-98-10. In other words, although the commissioner was limited to the board's order on remand, it was nevertheless within his discretion to order attorney's fees under § 31-300 if he found that the defendant's conduct *in regard to the matter properly before him on remand* warranted such sanction.

Nevertheless, given our resolution of the defendant's cross appeal, we shall set aside this award of attorney's fees. An award of attorney's fees under § 31-300 follows a finding that an employer or insurer has unreasonably contested liability. It follows that the commissioner in the present case cannot reach such a conclusion until after the issues are fully litigated on remand.

tiff's counsel had informed it for the first time that the plaintiff had sustained a recurrence of her work-related psychiatric condition in February, 1995, while working for another employer. The plaintiff's counsel further asserted that, as he claimed that it was causally related to the earlier work-related incident, the plaintiff was entitled to further benefits related to this recurrence.[5]

The defendant further represented that it lacked any and all knowledge of the alleged recurrence prior to the plaintiff's disclosure on the eve of trial. The defendant represented that also on June 5, 1997, the plaintiff's counsel provided it with previously sought names and addresses of the plaintiff's treating physicians, the name of her new employer and a signed authorization that permitted the defendant to obtain records relative to her new injury or recurrence. The defendant subsequently obtained copies of relevant records and scheduled an independent medical examination of the plaintiff on September 18, 1997. The defendant further represented that it had informed the plaintiff's counsel of that appointment prior to August 14, 1997, when the remand proceedings resumed.

On August 14, 1997, the plaintiff filed a motion for a protective order to prohibit the defendant from recall-

---

[5] When remand proceedings began on June 5, 1997, the parties disagreed as to whether new periods of disability could be addressed during the remand proceedings. The defendant argued against having the commissioner address issues related to the new injury at that time. The commissioner limited the issues before him in accordance with the remand order. The commissioner did rule, however, that the plaintiff would testify about her original disability and about her recurrence, despite the fact that any issues concerning the recurrence were not before him at that time. The commissioner further ruled that a transcript of the plaintiff's testimony would be sent to an independent medical examiner and that if such examiner felt it necessary to conduct further examination of the plaintiff, the commissioner would address the issue at that time. As the board noted, the commissioner so ruled because he wanted to complete the plaintiff's testimony in one session due to her "tenuous psychological state." *Bailey* v. *State*, supra, No. 3694 CRB-01-97-09.

ing the plaintiff as a witness and to prohibit the defendant from requesting an independent medical examination of the plaintiff. The commissioner granted the motion, explaining that he would "not allow further medical exams at this juncture since there has been sufficient time to prepare those exams and to have those exams conducted prior to this matter being presented to me on the remand." The defendant argued that it had scheduled the independent medical examination as soon as it had in its possession the materials necessary to conduct the examination and that the plaintiff had disclosed information to that end at the June 5, 1997 hearing. The commissioner was not persuaded by the assertions of the defendant's counsel. Instead, he expressed his dissatisfaction with the manner in which the defendant had presented its case and stated that the defendant should have pursued such discovery matters "a long, long time ago."

On September 9, 1997, the defendant filed a motion for clarification of the commissioner's ruling. On September 15, 1997, the commissioner denied the motion. The defendant subsequently appealed from those interlocutory rulings; on January 12, 1999, the board upheld the commissioner's order as it related to the defendant's request for an independent medical examination. *Bailey* v. *State*, supra, No. 3694 CRB-01-97-09. The board reasoned that the commissioner possessed the authority, under General Statutes § 31-298,[6] to determine

---

[6] General Statutes § 31-298 provides: "Both parties may appear at any hearing, either in person or by attorney or other accredited representative, and no formal pleadings shall be required, beyond any informal notices that the commission approves. In all cases and hearings under the provisions of this chapter, the commissioner shall proceed, so far as possible, in accordance with the rules of equity. He shall not be bound by the ordinary common law or statutory rules of evidence or procedure, but shall make inquiry, through oral testimony, deposition testimony or written and printed records, in a manner that is best calculated to ascertain the substantial rights of the parties and carry out the provisions and intent of this chapter. No fees shall be charged to either party by the commissioner in connection with any hearing or other procedure, but the commissioner shall furnish at cost (1)

whether a request for an independent medical examination, as afforded by General Statutes § 31-294f,[7] was reasonable. The board deferred to the commissioner's finding that the defendant had not investigated the claim with proper diligence and had not obtained the examination when the commissioner believed it should have, namely, earlier in the proceedings. On October 20, 1998, before the board released its decision on the interlocutory rulings, the commissioner issued his findings of fact and award on remand.

"Ordinarily, [an appellate] court affords deference to the construction of a statute applied by the administrative agency empowered by law to carry out the statute's purposes. . . . [A]n agency's factual and discretionary determinations are to be accorded considerable weight

certified copies of any testimony, award or other matter which may be of record in his office, and (2) duplicates of audio cassette recordings of any formal hearings. Witnesses subpoenaed by the commissioner shall be allowed the fees and travel expenses that are allowed in civil actions, to be paid by the party in whose interest the witnesses are subpoenaed. When liability or extent of disability is contested by formal hearing before the commissioner, the claimant shall be entitled, if he prevails on final judgment, to payment for oral testimony or deposition testimony rendered on his behalf by a competent physician, surgeon or other medical provider, including the stenographic and videotape recording costs thereof, in connection with the claim, the commissioner to determine the reasonableness of such charges."

[7] General Statutes § 31-294f (a) provides: "An injured employee shall submit himself to examination by a reputable practicing physician or surgeon, at any time while claiming or receiving compensation, upon the reasonable request of the employer or at the direction of the commissioner. The examination shall be performed to determine the nature of the injury and the incapacity resulting from the injury. The physician or surgeon shall be selected by the employer from an approved list of physicians and surgeons prepared by the chairman of the Workers' Compensation Commission and shall be paid by the employer. At any examination requested by the employer or directed by the commissioner under this section, the injured employee shall be allowed to have in attendance any reputable practicing physician or surgeon that the employee obtains and pays for himself. The employee shall submit to all other physical examinations as required by this chapter. The refusal of an injured employee to submit himself to a reasonable examination under this section shall suspend his right to compensation during such refusal."

by the courts. . . . Cases that present pure questions of law, however, invoke a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . Furthermore, when a state agency's determination of a question of law has not previously been subject to judicial scrutiny . . . the agency is not entitled to special deference." (Citations omitted; internal quotation marks omitted.) *Burke* v. *Fleet National Bank*, 252 Conn. 1, 9–10, 742 A.2d 293 (1999). Whether § 31-294f affords the commissioner the discretion to preclude an independent medical examination has not previously been subject to judicial consideration. As this novel issue presents a question of law, our review is plenary, and we afford no special deference to the commissioner's interpretation of § 31-294f.

"Where the meaning of a statute [or rule] is plain and unambiguous, the enactment speaks for itself and there is no occasion to construe it. Its unequivocal meaning is not subject to modification by way of construction. . . . A cardinal rule of statutory construction is that where the words of a statute [or rule] are plain and unambiguous the intent of the [drafters] in enacting the statute [or rule] is to be derived from the words used." (Citation omitted; internal quotation marks omitted.) *Schiappa* v. *Ferrero*, 61 Conn. App. 876, 882, 767 A.2d 785 (2001). Section 31-294f affords an employer the right to obtain a meaningful, independent medical examination of an injured employee. That statute provides in relevant part: "An injured employee *shall* submit himself to examination by a reputable practicing physician or surgeon, *at any time* while claiming or receiving compensation, upon the reasonable request of the employer . . . ." (Emphasis added.) We interpret the legislature's use of terms in the statute to import a mandatory direction that an examination take place

after it is requested by an employer or an insurer. Absent an indication to the contrary, the legislature's choice of the mandatory term "shall" rather than the permissive term "may" indicates that the legislative directive is mandatory. See *Cantoni* v. *Xerox Corp.*, 251 Conn. 153, 165, 740 A.2d 796 (1999); see also *Caulkins* v. *Petrillo*, 200 Conn. 713, 717, 513 A.2d 43 (1986) (legislature's use of "shall" connotes that performance of statutory requirements is mandatory rather than permissive).

Section 31-298 grants broad authority to a commissioner to carry out the provisions of the Workers' Compensation Act, General Statutes § 31-275 et seq. A commissioner may, in his or her discretion, exercise those broad, equitable powers even to dismiss a claim in an appropriate case. See *Pietraroria* v. *Northeast Utilities*, 254 Conn. 60, 71–72, 756 A.2d 845 (2000). As our Supreme Court has stated, however, a commissioner must always protect the " 'substantial rights of the parties' [which] include the right of the employer . . . independently to examine the claimant, to notice his deposition, and to insist on hearing his personal testimony at a formal hearing." Id., 72.

Protecting such "substantial rights" is part and parcel of ensuring that each party in a compensation proceeding receives a fair hearing. Workers' compensation hearings "must be conducted in a fundamentally fair manner so as not to violate the rules of due process. . . . A fundamental principle of due process is that each party has the right to receive notice of a hearing, and the opportunity to be heard at a meaningful time and in a meaningful manner." (Citation omitted.) *Bryan* v. *Sheraton-Hartford Hotel*, supra, 62 Conn. App. 740. Each party has the right to produce relevant evidence and to offer rebuttal evidence. Id.

An employer's right to obtain an independent medical examination under § 31-294f is part of an employer's

right to a fair hearing and, specifically, part of its right to be heard. In the present case, the board recognized the commissioner's concerns that the defendant had not prepared its case in a diligent manner and that the plaintiff's tenuous psychological state weighed against permitting the examination. *Bailey* v. *State*, supra, No. 3694 CRB-01-97-09. We disagree, however, with the board's conclusion that such findings permitted the commissioner to deny the defendant its right to an independent medical examination of the plaintiff.

Given the statutory mandate, the commissioner should have worked with the parties to ensure that the defendant obtained the examination with all deliberate speed, so as not to unduly delay the proceedings, and with consideration for the plaintiff's psychological condition. By precluding the defendant from requesting an examination that the statute permits the defendant to request "at any time," the commissioner deprived the defendant of its right to a fair hearing. Accordingly, we reverse the decision of the board and remand the matter to the board so that it may remand the matter to the commissioner for further proceedings regarding the disability claim for the period from April 29, 1991, to January 20, 1994.[8]

On the plaintiff's appeal, the November 30, 1999 decision of the workers' compensation review board is affirmed as to the reversal of the commissioner's award of $12,000 in attorney's fees. On the defendant's cross appeal, the January 12, 1999 and November 30, 1999 decisions of the workers' compensation review board are reversed in all other respects and the case is remanded to the board with direction to remand the

---

[8] As our resolution of this appeal permits the defendant to request an independent medical examination of the plaintiff, we expect the commissioner, on remand, to permit the defendant to conduct any additional cross-examination that it deems necessary and that the commissioner deems relevant to the issues before him or her.

matter to the commissioner for further proceedings consistent with this opinion.

In this opinion the other judges concurred.