JANE BAILEY *v.* MEDICAL EXAMINING BOARD FOR STATE EMPLOYEE DISABILITY RETIREMENT ET AL.
(AC 22334)

Lavery, C. J., and Schaller and Bishop, Js.

Argued September 17, 2002—officially released February 25, 2003

*Brian W. Prucker*, for the appellant (plaintiff).

*Thadd A. Gnocchi*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Bernard F. McGovern, Jr.*, assistant attorney general, for the appellee (defendant).

*Opinion*

SCHALLER, J. The plaintiff, Jane Bailey, appeals from the judgment of the trial court granting the motion of the defendant medical examining board for state employee disability retirement (board)[1] to dismiss her administrative appeal on the ground that the court lacked subject matter jurisdiction pursuant to the Uniform Administrative Procedure Act (UAPA).[2] The plaintiff claims that (1) the court improperly dismissed her appeal on the ground that the board's denial of disability retirement benefits was not a final decision in a contested case within the meaning of the UAPA and (2) the board's denial of benefits was improper under the doctrine of collateral estoppel.

The dispositive issue in this case is whether the board's decision constituted a "final decision" pursuant to the UAPA.[3] Because the board's decision was not an agency determination in a contested case, the court properly dismissed the appeal on the ground of a lack of subject matter jurisdiction.[4] Accordingly, we affirm the judgment of the trial court.

The following facts and procedural history are relevant to the plaintiff's appeal. The plaintiff, a state employee with an extensive history of significant family

---

[1] Capital Community Technical College, where the plaintiff was employed at the time of the events at issue, also is a defendant.

[2] See General Statutes § 4-166 et seq.

[3] See General Statutes §§ 4-183 and 4-166 (2) and (3).

[4] Because our resolution of the issue of subject matter jurisdiction is dispositive of the appeal, we need not address the plaintiff's second claim. We must fully resolve any jurisdictional question before considering the merits of the appeal. See *Castro* v. *Viera*, 207 Conn. 420, 429, 541 A.2d 1216 (1988).

related difficulties, was employed as a purchasing service officer at Capital Community Technical College.[5] On April 29, 1991, the plaintiff departed from work and reported to an emergency room where she was diagnosed as having acute dysmenorrhea and acute hyperventilation. Specifically, it was determined that she had experienced a panic attack following a disagreement with her supervisor. See *Bailey* v. *State*, No. 3922 CRB-02-98-10 (November 30, 1999). The plaintiff did not return to work following that incident and subsequently was admitted to a hospital in May, 1991, for treatment of major depression with severe anxiety and borderline psychotic symptomatology. During the plaintiff's hospital admission, she also was diagnosed with glaucoma and a mixed type personality disorder with passive-aggressive and dependent features. It later would be determined that significant family stressors existed contemporaneous to the plaintiff's hospital admission.

Following the incident with her supervisor, the plaintiff filed a workers' compensation claim. In 1994, the workers' compensation commissioner (commissioner) determined that the plaintiff had a compensable, psychotic, workplace related injury resulting from the stress that she had experienced in 1991.[6]

---

[5] Capital Community Technical College formerly was known as Greater Hartford Community College.

[6] Neither the plaintiff nor the defendant appealed from the commissioner's decision. See *Bailey* v. *State*, 65 Conn. App. 592, 594, 783 A.2d 491 (2001). Following further hearings, the commissioner issued a supplemental finding stating that the plaintiff was totally disabled from May 17, 1991, until January 20, 1994. On the basis of that finding, the commissioner ordered the defendant to pay "specific compensation and fees owed to the plaintiff." Id. The defendant appealed from the commissioner's supplemental findings to the workers' compensation review board. Id. On September 3, 1996, the workers' compensation review board reversed the commissioner's findings and awards, and remanded the matter to the commissioner for further proceedings to determine the extend of the disability. Id. The plaintiff appealed to this court from the decision of the workers' compensation review board, and this court dismissed the appeal for lack of a final judgment. Id., 594–95.

Thereafter, the commissioner conducted additional hearings to determine the extent of the plaintiff's disability. Id., 595. The plaintiff filed a motion

In 1998, the plaintiff filed an application for service connected disability retirement benefits. On March 30, 2001, a hearing was held before a three member panel of physicians to determine the extent of the plaintiff's disability. On the basis of that hearing and a review of documentation admitted into evidence, the board determined that "[i]t is clear from the extensive record of medical and psychiatric treatment that the applicant's mental illness impacted on her ability to function in the workplace and it continues to be disabling; however, the board is unable to conclude that her disability is due to her employment as a purchasing service officer. On the whole, the evidence does not support the conclusion of service connection, and the application is therefore denied."[7]

On June 5, 2001, the plaintiff appealed to the court from the board's decision. In response, the defendant filed a motion to dismiss the appeal based on the court's lack of subject matter jurisdiction. The court, finding that subject matter jurisdiction did not exist, granted the defendant's motion. This appeal followed. Additional facts will be set forth as necessary.

for a protective order concerning independent medical examinations, which the commissioner granted. Id.

After the hearing on remand, the commissioner ordered the defendant to pay temporary total disability and the plaintiff's medical bills for the period of April 30, 1991, through January 20, 1994. Id. The commissioner also ordered the defendant to pay to the plaintiff " 'the $12,000 attorney's fee award previously assigned by [the commissioner] which has not been appealed' " and an attorney's fee of $7500 for the defendant's unreasonable contest of the plaintiff's claim for benefits. Id. The defendant appealed to the workers' compensation review board, which, in turn, affirmed all of the commissioner's award except for the $12,000 award of attorney's fees. Id.

The plaintiff appealed from the workers' compensation review board's reversal of the $12,000 attorney's fees award. Id., 593. The defendant cross appealed from the workers' compensation review board's January 12 and November 30, 1999 decisions. Id., 595. We affirmed the decision to deny the award of $12,000 in attorney's fees. Id., 605. On the defendant's cross appeal, we reversed the January 12 and November 30, 1999 decisions. Id. The case was remanded to the commissioner for further proceedings. Id., 605–606.

[7] The notice of decision was issued by the board on April 20, 2001.

The plaintiff claims that the court improperly dismissed her appeal on the ground that the board's denial of disability benefits was not a final decision in a contested case within the meaning of the UAPA. More precisely cast, the plaintiff claims that when a finding and award is made by the workers' compensation commissioner, and against a state agency, concerning a work-related injury, any subsequent denial of service connected disability retirement by the board is an appealable final decision of a contested matter pursuant to the UAPA. We disagree.

We first set forth our standard of review governing an appeal from a judgment granting a motion to dismiss on the ground of a lack of subject matter jurisdiction. "A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff *cannot* as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) *Adolphson* v. *Weinstein*, 66 Conn. App. 591, 594, 785 A.2d 275 (2001), cert. denied, 259 Conn. 921, 792 A.2d 853 (2002); see also Practice Book § 10-31 (a) (1). A court deciding a motion to dismiss must determine not the merits of the claim or even its legal sufficiency, but rather, whether the claim is one that the court has jurisdiction to hear and decide. See *Castro* v. *Viera*, 207 Conn. 420, 429, 541 A.2d 1216 (1988). Our Supreme Court has determined that when "ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [B]ecause [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Internal quotation

marks omitted.) *Tooley* v. *Metro-North Commuter Railroad Co.*, 58 Conn. App. 485, 491, 755 A.2d 270 (2000).

There is no absolute right to appeal decisions of administrative agencies. See *Ahern* v. *State Employees Retirement Commission*, 48 Conn. App. 482, 487, 710 A.2d 1366 ("[t]he right to appeal from a decision of an administrative agency to the Superior Court is a creature of statute"), cert. denied, 245 Conn. 911, 718 A.2d 16 (1998). If the legislature has not created statutory authority for an appeal, then the Superior Court does not have jurisdiction to hear the appeal. See *Killingly* v. *Connecticut Siting Council*, 220 Conn. 516, 521, 600 A.2d 752 (1991). Moreover, the legislature has not authorized a right of appeal to the Superior Court from every determination of an administrative agency. See *New England Dairies, Inc.* v. *Commissioner of Agriculture*, 221 Conn. 422, 427, 604 A.2d 810 (1992). "Judicial review of [an administrative agency's] action is governed by the [UAPA] . . . and the scope of that review is very restricted." (Internal quotation marks omitted.) *Ellam* v. *Commissioner of Motor Vehicles*, 47 Conn. App. 509, 513, 704 A.2d 257 (1998).

Prior to determining whether the court lacked subject matter jurisdiction to hear the appeal, we first set out the statutory framework for administrative appeals. General Statutes § 4-183 grants the Superior Court subject matter jurisdiction to hear and decide appeals from agency decisions. Section 4-183 (a) provides in relevant part that "[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a *final decision* may appeal to the Superior Court as provided in this section. . . ." (Emphasis added.)

"In determining whether an administrative decision is final for the purposes of § 4-183 (a), we look first to our statutes governing such determinations." (Internal

quotation marks omitted.) *Nizzardo* v. *State Traffic Commission*, 259 Conn. 131, 144, 788 A.2d 1158 (2002). General Statutes § 4-166 (3) defines "final decision" as "(A) the agency determination in a *contested case*, (B) a declaratory ruling issued by an agency pursuant to section 4-176 or (C) an agency decision made after reconsideration. The term does not include a preliminary or intermediate ruling or order of an agency, or a ruling of an agency granting or denying a petition for reconsideration . . . ." (Emphasis added.)

In the present case, there is nothing to indicate that the denial of the plaintiff's claim for service connected disability was a declaratory ruling under § 4-166 (3) (B) or a decision made after reconsideration under § 4-166 (3) (C). The question therefore is whether the decision by the board was an "agency determination in a contested case" pursuant to § 4-166 (3) (A).

Section 4-166 (2) defines "contested case" as "a proceeding, including but not restricted to rate-making, price fixing and licensing, in which the legal rights, duties or privileges of a party are *required by statute* to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held, but does not include proceedings on a petition for a declaratory ruling under section 4-176 or hearings referred to in section 4-168 . . . ." (Emphasis added.) That is, the UAPA mandates, as a predicate for contested case status, that a party must have enjoyed a statutory right to a hearing. See *Lewis* v. *Gaming Policy Board*, 224 Conn. 693, 699–700, 620 A.2d 780 (1993); see also *Ahern* v. *State Employees Retirement Commission*, supra, 48 Conn. App. 487–88 (*Lavery, J.*, concurring). For the Superior Court to have subject matter jurisdiction to hear the plaintiff's appeal from the board's decision, therefore, there must exist an agency decision in a proceeding (contested case) during which the legal rights, duties or privileges of a party are *required by statute*

to be determined by an agency after an opportunity for hearing.

"The test for determining contested case status . . . requires an inquiry into three criteria, to wit: (1) whether a legal right, duty or privilege is at issue, (2) and is *statutorily* required to be determined by the agency, (3) through an opportunity for hearing or in which a hearing is in fact held." (Emphasis in original; internal quotation marks omitted.) *Summit Hydropower Partnership* v. *Commissioner of Environmental Protection*, 226 Conn. 792, 800–801, 629 A.2d 367 (1993). Applying that test, the legal right, duty, or privilege at issue in this case is the plaintiff's right to apply for service connected disability retirement from the state. The second and third prongs of this test, however, have not been satisfied. Contested case status does not hinge on whether a hearing in fact has been held. That is, a hearing not statutorily mandated, even if gratuitously held, does not create a contested case for purposes of the UAPA and subject matter jurisdiction. *Dadiskos* v. *Connecticut Real Estate Commission*, 37 Conn. App. 777, 782, 657 A.2d 717 (1995).

Our Supreme Court has "determined that even in a case where a hearing is in fact held, in order to constitute a contested case, a party to that hearing must have enjoyed a statutory right to have his legal rights, duties or privileges determined by that agency holding the hearing. . . . In the instance where no party to a hearing enjoys such a right, the Superior Court is without jurisdiction over any appeal from that agency's determination." (Internal quotation marks omitted.) *Lewis* v. *Gaming Policy Board*, supra, 224 Conn. 700; see also *Summit Hydropower Partnership* v. *Commissioner of Environmental Protection*, supra, 226 Conn. 807–809 (if hearing not statutorily mandated, even if one gratuitously held, "contested case" not created).

In the present case, the plaintiff has not been aggrieved by a final decision, as required by § 4-183 (a), because no contested case existed. The plaintiff based her claim for benefits on General Statutes § 5-169. Section 5-169 (b) provides in relevant part that a member of the state employees' retirement system is eligible for disability retirement if he or she "becomes permanently disabled from continuing to render the service in which he has been employed as a result of any injury received while in the performance of his duty as a state employee . . . ." Chapter 66 of the General Statutes, the chapter containing § 5-169, contains no statutory requirement for a hearing to be held by the board. Moreover, § 5-169 also is silent as to the issue of board hearings. We cannot conclude, therefore, that a "contested case" exists pursuant to the UAPA.

We conclude that the board's decision was not an agency determination in a contested case and, therefore, the Superior Court lacked subject matter jurisdiction to hear the appeal. Having determined that the Superior Court properly found that it lacked subject matter jurisdiction, we do not reach the plaintiff's second claim regarding collateral estoppel.

The judgment is affirmed.

In this opinion the other judges concurred.