******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# BRENDA I. TIRADO *v.* CITY OF TORRINGTON
## (AC 39273)

Keller, Elgo and Bear, Js.

*Syllabus*

The plaintiff sought damages for the allegedly improper addition of her motor vehicle to the 2004 grand list of the defendant city, Torrington, resulting in a tax assessment on the vehicle. In 2010, the city of Waterbury issued a certificate of change for its 2004 grand list, removing the plaintiff's vehicle therefrom, after receiving information from the plaintiff that she resided in Torrington at that time. In adding the plaintiff's vehicle to its 2004 grand list in 2010, the defendant also issued a certificate of change. The plaintiff claimed, inter alia, that the defendant issued its certificate of change after the three year statute of limitations (§ 12-57) had run. The trial court dismissed the action for lack of subject matter jurisdiction, concluding that the plaintiff had failed to exhaust her available administrative remedies before she filed her action pursuant to the statute (§ 12-117a) governing appeals to the Superior Court from municipal boards of assessment appeals, and that she had failed to file her action within one year of the assessment if she had proceeded under the statute (§ 12-119) governing applications for relief when property has been wrongfully assessed. The plaintiff appealed to this court, claiming that the trial court improperly dismissed her action for lack of subject matter jurisdiction. *Held* that the trial court properly dismissed the plaintiff's action for lack of subject matter jurisdiction: although the trial court incorrectly determined that § 12-119 applied to the plaintiff's claim that the defendant acted without authority when it issued the certificate of change and added her vehicle to its 2004 grand list, as that claim did not fall within the scope of the categories of claims available under § 12-119, the court correctly determined that § 12-117a applied on the basis of her claim that she was aggrieved by the actions of the defendant's tax assessor; moreover, because the plaintiff did not appeal from the tax assessment to the defendant's board of assessment appeals before filing her action with the trial court pursuant to § 12-117a, which directs that a taxpayer must appeal from a municipal tax assessment to a board of assessment appeals prior to appealing to the Superior Court, the plaintiff failed to exhaust her available administrative remedies, thereby depriving the trial court of subject matter jurisdiction over her action; furthermore, this court declined to consider the plaintiff's claim, asserted for the first time on appeal, that she did not receive notice of the defendant's certificate of change and tax assessment in time to challenge the assessment, as this court was not bound to consider claims of law not properly raised at trial.

Argued October 24, 2017—officially released January 9, 2018

*Procedural History*

Action to recover damages in connection with the defendant's allegedly improper assessment of taxes on certain of the plaintiff's personal property, and for other relief, brought to the Superior Court in the judicial district of Waterbury and transferred to the judicial district of Litchfield, where the court, *Shah, J.*, denied the plaintiff's motion to strike; thereafter, the matter was tried to the court; judgment dismissing the plaintiff's action, from which the plaintiff appealed to this court. *Affirmed.*

*Brenda I. Tirado*, self-represented, the appellant (plaintiff).

*Jaime M. LaMere*, corporation counsel, for the appel-

lee (defendant).

*Opinion*

BEAR, J. The plaintiff, Brenda I. Tirado, appeals from
the judgment of dismissal rendered by the trial court
for lack of subject matter jurisdiction. The dispositive
issue in this appeal is whether the court improperly
dismissed the plaintiff's action for lack of subject matter
jurisdiction due to her failure to (1) file her complaint
within one year of the tax assessment pursuant to Gen-
eral Statutes § 12-119, and (2) exhaust available admin-
istrative remedies prior to filing an action pursuant to
General Statutes § 12-117a.[1] We agree that the court
lacked subject matter jurisdiction because the plaintiff
failed to exhaust her administrative remedies prior to
filing suit pursuant to § 12-117a, and, accordingly, we
affirm the judgment of the trial court.

The following facts and procedural history are rele-
vant to this appeal. On March 22, 2010, the city of Water-
bury issued a certificate of change for the 2004 grand
list, removing the plaintiff's motor vehicle therefrom,
after receiving information from the plaintiff that she
resided in Torrington on October 1, 2004.[2] The city of
Waterbury forwarded its certificate of change to the
defendant, the city of Torrington. On March 24, 2010,
after receiving the Waterbury certificate of change, the
defendant's tax assessor issued a certificate of change
and added the plaintiff's motor vehicle to its 2004
grand list.[3]

On February 10, 2014, the plaintiff filed a complaint
in the judicial district of Waterbury, claiming that the
defendant issued a certificate of change after the three
year statutory limit set forth in General Statutes § 12-
57.[4] On March 3, 2014, the defendant filed an answer,
denying that the expiration of any limitations period
required the defendant's tax assessor's office to remove
the plaintiff's name from the list of individuals owing
taxes to the defendant. On October 20, 2015, the plaintiff
filed a certificate of closed pleadings and a claim for
trial.

On February 8, 2016, the court, *Shapiro, J.*, granted
the defendant's motion to transfer the matter to the
judicial district of Litchfield because an aggrieved tax-
payer must bring an application for relief in the judicial
district where the town or city is located. See General
Statutes §§ 12-117a and 12-119.

On April 26, 2016, the plaintiff filed a motion for
summary judgment and a memorandum in support
thereof, claiming that the defendant acted without
authority when it added the plaintiff's motor vehicle to
its 2004 grand list on March 24, 2010, pursuant to Gen-
eral Statutes § 12-60. On April 27, 2016, the defendant
objected to the plaintiff's motion for summary judg-
ment, arguing that the certificate of change was issued
pursuant to § 12-57 (b), not § 12-60. On April 28, 2016,
the plaintiff filed a reply brief in further support of her

motion for summary judgment, but she withdrew her summary judgment motion on May 4, 2016. Thereafter, on May 12, 2016, the plaintiff filed a motion to strike the defendant's answer, which the court, *Shah, J.*, denied on May 17, 2016, on the grounds that the motion was untimely filed more than two years after the filing of the defendant's answer and did not contain an accompanying memorandum that was required pursuant to Practice Book § 10-39.

A one day bench trial took place on May 17, 2016. Following trial, the court rendered a judgment of dismissal for lack of subject matter jurisdiction because "[t]he plaintiff failed to exhaust available administrative remedies before she filed the present action pursuant to . . . § 12-117a. . . . She also failed to file her complaint within one year of the assessment if she had proceeded under . . . § 12-119."[5] (Citations omitted.) This appeal followed.

We begin by setting forth our standard of review. "A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Stones Trail, LLC* v. *Weston*, 174 Conn. App. 715, 735, 166 A.3d 832, cert. dismissed, 327 Conn. 926, 171 A.3d 59 (2017).

In the present case, the issue of subject matter jurisdiction was raised by the court sua sponte, as it was entitled to do.[6] "[I]t is a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . The subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal." (Internal quotation marks omitted.) Id., 736. "[W]henever it is found . . . that the court lacks jurisdiction of the subject matter, the judicial authority shall dismiss the action." Practice Book § 10-33.

Because our determination of whether the court erred in dismissing the plaintiff's case for lack of subject matter jurisdiction depends, in part, on whether § 12-119 or § 12-117a applies to the plaintiff's claim, we first address the plaintiff's argument on appeal that §§ 12-119 and 12-117a do not apply to an appeal of a tax assessment under §§ 12-57 and 12-60.[7] We agree with the plaintiff that the court erred in ruling that § 12-119 was applicable to her claim, and that she violated § 12-119, but we disagree with her that the court erred in

ruling that § 12-117a was applicable to her claim.

"When a taxpayer is aggrieved by the assessment of his property, there are statutory procedures in place for the taxpayer to challenge the assessment. [T]he legislature has established two primary methods by which taxpayers may challenge a town's assessment or revaluation of their property. First, any taxpayer claiming to be aggrieved by an action of an assessor may appeal, pursuant to General Statutes § 12-111, to the town's board of [assessment appeals]. The taxpayer may then appeal, pursuant to . . . § [12-117a], an adverse decision of the town's board of [assessment appeals] to the Superior Court. The second method of challenging an assessment or revaluation is by way of § 12-119." (Footnote omitted; internal quotation marks omitted.) *Interlude, Inc.* v. *Skurat*, 253 Conn. 531, 537, 754 A.2d 153 (2000).

Our Supreme Court has defined the applicability of § 12-119 as follows: "[Section] 12-119 allows a taxpayer one year to bring a claim that the tax was imposed by a town that had no authority to tax the subject property, or that the assessment was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of [the] property . . . . The first category in the statute embraces situations where a tax has been laid on property not taxable in the municipality where it is situated . . . . The second category consists of claims that assessments are (a) manifestly excessive and (b) . . . could not have been arrived at except by disregarding the provisions of statutes for determining the valuation of the property." (Citation omitted; internal quotation marks omitted.) Id., 537–38. Thus, "[§] 12-119 addresses two different types of cases: (1) When it is claimed that a tax has been laid on property not taxable in the town or city in whose tax list such property was set; and (2) a tax laid on property was computed on an assessment which, under all the circumstances, was manifestly excessive and [must] have been arrived at . . . by disregarding the [proper] . . . valuation of such property . . . ." (Internal quotation marks omitted.) Id., 538.

In the present case, the plaintiff filed an action, claiming that the defendant acted without authority when it issued a certificate of change for the 2004 grand list because it was prohibited from doing so by the three year statute of limitations in § 12-57 (a).[8] We agree with the plaintiff that this claim does not fall within the scope of the categories of claims available under § 12-119. The first category of § 12-119 does not apply because the plaintiff admitted that she lived in Torrington on October 1, 2004, and she thus is not claiming that the tax in question "has been laid on property not taxable in the town or city in whose tax list such property was set . . . ." (Internal quotation marks omitted.) *Inter-*

*lude, Inc.* v. *Skurat,* supra, 253 Conn. 538; cf. *Hotshoe Enterprises, LLC* v. *Hartford,* 284 Conn. 833, 836–37, 937 A.2d 689 (2008) (owners of condominium hangar units at airport brought action pursuant to § 12-119, claiming that property was tax exempt as "land . . . held in trust . . . for state-owned airport"); *Faith Center, Inc.* v. *Hartford,* 192 Conn. 434, 435, 472 A.2d 16 (religious organization brought action pursuant to § 12-119, claiming that its property was tax exempt), cert. denied, 469 U.S. 1018, 105 S. Ct. 432, 83 L. Ed. 2d 359 (1984). The second category of § 12-119 does not apply because the plaintiff does not claim that the tax is "manifestly excessive" in that it "disregard[s] the [proper] . . . valuation of [the] property . . . ." (Internal quotation marks omitted.) *Interlude, Inc.* v. *Skurat,* supra, 538; cf. *Wheelabrator Bridgeport, L.P.* v. *Bridgeport,* 320 Conn. 332, 340–41, 133 A.3d 402 (2016) (plaintiff brought action pursuant to, inter alia, § 12-119, claiming that "valuations were excessive"); *Griswold Airport, Inc.* v. *Madison,* 289 Conn. 723, 728, 961 A.2d 338 (2008) (airport brought action pursuant to § 12-119, claiming that assessment was "manifestly excessive"). On the basis of the foregoing, we agree with the plaintiff that § 12-119 does not apply to her claim that the defendant acted without authority when it issued a certificate of change and added her motor vehicle to its 2004 grand list. See, e.g., *Second Stone Ridge Cooperative Corp.* v. *Bridgeport,* 220 Conn. 335, 343, 597 A.2d 326 (1991) (finding that, where plaintiff's claim did not satisfy category requirements under § 12-119, "an appeal under § 12-119 was not authorized").

In contrast to § 12-119, "[§] 12-117a . . . provide[s] a method by which an owner of property may directly call in question the valuation placed by assessors upon his property . . . ." (Internal quotation marks omitted.) *Konover* v. *West Hartford,* 242 Conn. 727, 734, 699 A.2d 158 (1997). Pursuant to General Statutes § 12-111 (a), "[a]ny person . . . claiming to be aggrieved by the doings of the assessors of such town may appeal therefrom to the board of assessment appeals." If the taxpayer is not satisfied with the board's decision, "[§] 12-117a . . . allows taxpayers to appeal the decisions of municipal boards of [assessment appeals] to the Superior Court . . . ." *Konover* v. *West Hartford,* supra, 734. "In a § 12-117a appeal, the trial court performs a two step function. The burden, in the first instance, is upon the plaintiff to show that he has, in fact, been aggrieved by the action of the board in that his property has been overassessed. . . . Only after the court determines that the taxpayer has met his burden of proving that the assessor's valuation was excessive and that the refusal of the board . . . to alter the assessment was improper, however, may the court then proceed to the second step in a § 12-117a appeal and exercise its equitable power to grant such relief as to justice and equity appertains . . . ." (Citations omitted; internal quota-

tion marks omitted.) Id., 734–35.

In the present case, the plaintiff did "call in[to] question the valuation placed by [the defendant's assessor] upon [her] property . . . ." (Internal quotation marks omitted.) Id., 734. The plaintiff claimed that the defendant acted without authority when it issued a certificate of change and added her motor vehicle to its 2004 grand list beyond the three year statute of limitations that the plaintiff alleged was applicable. On the basis of her claim that she was "aggrieved by the doings of the [defendant's] assessors"; General Statutes § 12-111 (a); that claim was appealable to the defendant's Board of Assessment Appeals and then, if she was dissatisfied with the board's decision, to the Superior Court. See General Statutes § 12-117a; see also *Interlude, Inc.* v. *Skurat*, supra, 253 Conn. 537.

Having concluded that § 12-117a applies to the plaintiff's claim, we next address the plaintiff's argument that the trial court "misappl[ied] the law" in "dismissing the case for lack of subject matter jurisdiction." Specifically, the plaintiff claims that the court erred in dismissing the case because a question of statutory interpretation is a question of law for the court. We disagree.

The court dismissed the plaintiff's case for lack of subject matter jurisdiction because the plaintiff failed to exhaust her available administrative remedies prior to filing the action pursuant to § 12-117a, which contemplates that a taxpayer must challenge a municipality's tax assessment to the board of assessment appeals prior to appealing to the Superior Court. See General Statutes § 12-117a.[9] "It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." (Internal quotation marks omitted.) *Fairchild Heights Residents Assn., Inc.* v. *Fairchild Heights, Inc.*, 310 Conn. 797, 808, 82 A.3d 602 (2014); accord *LaCroix* v. *Board of Education*, 199 Conn. 70, 83–84, 505 A.2d 1233 (1986). "In the absence of exhaustion of [an available administrative] remedy, the action must be dismissed." (Internal quotation marks omitted.) *Piteau* v. *Board of Education*, 300 Conn. 667, 678, 15 A.3d 1067 (2011). Because the plaintiff never appealed the defendant's 2004 grand list tax assessment to the defendant's Board of Assessment Appeals, she therefore failed to exhaust her available administrative remedies prior to filing her action. Accordingly, the court properly determined, pursuant to § 12-117a and established precedent, that it lacked subject matter jurisdiction.[10]

Finally, the plaintiff claims for the first time on appeal that she did not receive notice of the certificate of change and the defendant's tax assessment, and that by the time she learned about them years later, it was too late to challenge the defendant's tax assessment

pursuant to §§ 12-117a and 12-119.[11] The plaintiff did not raise the issue of lack of notice in the trial court.[12] Because the plaintiff did not raise this issue in the court proceedings, we decline to consider it on appeal. See, e.g., *Chief Disciplinary Counsel* v. *Rozbicki*, 326 Conn. 686, 695, 167 A.3d 351 (2017) ("[t]o permit a party to raise a claim on appeal that has not been raised at trial—after it is too late for the trial court or the opposing party to address the claim—would encourage trial by ambuscade, which is unfair to both the trial court and the opposing party" [internal quotation marks omitted]); *State* v. *Hilton*, 45 Conn. App. 207, 222, 694 A.2d 830 ("[w]e are not bound to consider claims of law not properly raised at trial"), cert. denied, 243 Conn. 925, 701 A.2d 659 (1997), cert. denied, 522 U.S. 1134, 118 S. Ct. 1091, 140 L. Ed. 2d 147 (1998).

In summary, § 12-119 does not apply to the plaintiff's claim, and, therefore, "an appeal under § 12-119 was not authorized." *Second Stone Ridge Cooperative Corp.* v. *Bridgeport*, supra, 220 Conn. 343. An appeal under § 12-117a also could not be maintained by the plaintiff because she failed to exhaust available administrative remedies before filing her action pursuant to that statute. See *Piteau* v. *Board of Education*, supra, 300 Conn. 678. Accordingly, the court properly dismissed the plaintiff's action for lack of subject matter jurisdiction.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff also claims on appeal that the trial court erred in (1) allowing the defendant, the city of Torrington, "to raise a special defense and evidence outside of the defendant's pleading [in violation of Practice Book § 10-3 (a)]," (2) finding that General Statutes § 12-57 (b) is the applicable section for issuing a certificate of change for a motor vehicle, and (3) denying her motion to strike on the grounds that it was untimely and it did not contain an accompanying memorandum as required by Practice Book § 10-39. Because the issue of subject matter jurisdiction is dispositive of this appeal, we do not address the plaintiff's other claims. See, e.g., *Heinonen* v. *Gupton*, 173 Conn. App. 54, 55 n.1, 162 A.3d 70, cert. denied, 327 Conn. 902, 169 A.3d 794 (2017); see also *Bailey* v. *Medical Examining Board for State Employee Disability Retirement*, 75 Conn. App. 215, 223, 815 A.2d 281 (2003) ("[h]aving determined that the Superior Court properly found that it lacked subject matter jurisdiction, we do not reach the plaintiff's second claim").

[2] At trial, the defendant's tax assessor testified as follows: "At some point it was discovered, by information provided to the assessor's office in Waterbury, proof that [the plaintiff's] residency was not in Waterbury on October 1, 2004, but [that she] was [a] resident of Torrington on . . . October 1, 2004 . . . ." In its memorandum of law in opposition to the plaintiff's motion for summary judgment, the defendant alleged that the information the city of Waterbury received came from the plaintiff: "The plaintiff provided two forms of written proof to the city of Waterbury that she lived in the city of Torrington on October 1, 2004: (1) a Connecticut Light & Power bill dated [September 2, 2004] and (2) a statement from Michael F. Wallace Middle School in Waterbury that the plaintiff's son attended Forbes Elementary School in the city of Torrington during the 2004–2005 school year. . . . Based [on] this information, the city of Waterbury issued a certificate of change removing the vehicle from its 2004 motor vehicle grand list." At trial, the plaintiff was questioned more than once as to how the two forms of proof of residence came into the possession of the assessor in the city of Waterbury, but each time the plaintiff stated that she did not know or did not remember.

[3] The tax for the Waterbury 2004 grand list was assessed at $301.14. The city of Waterbury issued a tax credit to the plaintiff for $301.14. The tax

for the Torrington 2004 grand list was assessed at $182.80.

[4] Although the plaintiff refers generally to § 12-57 in her complaint, her quotation of the statutory language indicates that she is asserting that her claim pertains to subsection (a), which provides in relevant part that "[w]hen it has been determined by the assessors of a municipality that tangible personal property has been assessed when it should not have been, the assessors shall, not later than three years following the tax due date relative to the property, issue a certificate of correction removing such tangible personal property from the list of the person who was assessed in error . . . ." General Statutes § 12-57 (a). As the court set forth in its memorandum of decision, however, subsection (a) pertains to tangible personal property; subsection (b) is applicable to motor vehicles, the property at issue in this matter, and there is no statute of limitations for issuing a certificate of change for a motor vehicle. See General Statutes § 12-57 (b).

[5] The court also noted in its memorandum of decision that "§ 12-57 (b) allows a municipality to issue a certificate of correction at any time upon receipt of notice of a vehicle that the municipality should have assessed in any tax year. If the court had jurisdiction and reached a decision on the merits, the court would have found for the defendant. The plaintiff is liable for the tax assessment on her motor vehicle for the 2004 tax year based on her admission that she lived in the city of Torrington in 2004 and was subject to applicable taxes."

[6] In her principal brief on appeal to this court, the plaintiff states in her statement of issues that the trial court erred in raising the issue of subject matter jurisdiction sua sponte, but she fails to analyze that claim. She thus is deemed to have abandoned it. See, e.g., *Clelford* v. *Bristol*, 150 Conn. App. 229, 233, 90 A.3d 998 (2014) ("[a]ssignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court" [internal quotation marks omitted]).

[7] Although subject matter jurisdiction may be raised at any time, a court is limited in its ability to raise, sua sponte, the issue of lack of subject matter jurisdiction for a plaintiff's failure to timely commence an action, where the statute of limitations "is procedural and personal rather than substantive or jurisdictional and is thus subject to waiver." *L. G. DeFelice & Son, Inc.* v. *Wethersfield*, 167 Conn. 509, 513, 356 A.2d 144 (1975) (holding that court erred by sua sponte raising one year statute of limitations in § 12-119 because defendant had waived statute of limitations defense by not pleading it). Thus, if the plaintiff's claim was brought pursuant to § 12-119, the court improperly raised, sua sponte, the issue of the one year statute of limitations imposed by § 12-119 because the defendant in the present case waived a statute of limitations defense by not raising it. See id. If, however, the plaintiff's claim was brought pursuant to § 12-117a, the court properly raised, sua sponte, the issue of subject matter jurisdiction because the plaintiff failed to exhaust her administrative remedies prior to filing the action, which required dismissal. See *Piteau* v. *Board of Education*, 300 Conn. 667, 678, 15 A.3d 1067 (2011) ("[i]n the absence of exhaustion of [an available administrative] remedy, the action *must be* dismissed" [emphasis added; internal quotation marks omitted]).

[8] As set forth in greater detail in footnote 4 of this opinion, the plaintiff incorrectly cites to § 12-57 (a), which contains a three year statute of limitations for assessing a tax on tangible personal property. See General Statutes § 12-57 (a). Pursuant to § 12-57 (b), the applicable section for motor vehicles, there is no statute of limitations for issuing a certificate of change for a motor vehicle. See General Statutes § 12-57 (b).

[9] General Statutes § 12-117a provides in relevant part: "Any person . . . claiming to be aggrieved by the action of the board of tax review or the board of assessment appeals, as the case may be, in any town or city may, within two months from the date of the mailing of notice of such action, make application, in the nature of an appeal therefrom . . . with respect to the assessment list . . . to the superior court for the judicial district in which such town or city is situated, which shall be accompanied by a citation to such town or city to appear before said court." General Statutes § 12-117a.

[10] We note that even if we were to agree with the plaintiff's claim that the court improperly concluded that there was a lack of subject matter jurisdiction under both §§ 12-119 and 12-117a, we would remand with direction to the court to render judgment in favor of the defendant in accordance with its statement that it would do so if it were able to reach the merits of the plaintiff's claim. On the basis of our review of the record, the court correctly noted as a matter of law in its memorandum of decision following

trial that "§ 12-57 (b) allows a municipality to issue a certificate of correction *at any time* upon receipt of notice of a vehicle that the municipality should have assessed in any tax year. . . . The plaintiff is liable for the tax assessment on her motor vehicle for the 2004 tax year based on her admission that she lived in the city of Torrington in 2004 and was subject to applicable taxes." (Emphasis added.)

[11] At oral argument before this court, the plaintiff stated that the defendant's tax assessor sent the tax bill to her former Torrington address, despite the fact that she gave her current Waterbury address to the tax assessor, and she thus did not receive notice of the change until two years after the notice was sent. Though she did not frame it as an issue on appeal, the plaintiff also states in her principal brief that she had not "received the tax bill nor the certificate of change [because] it was sent to an address in Torrington that the plaintiff hadn't lived at in over five years by the Torrington tax assessor."

[12] At trial, in contradiction to her statements on appeal, the plaintiff testified: "In . . . 2010 I received a letter from Torrington stating that . . . I owed back taxes . . . back from . . . 2004 or something like that." Her sworn testimony at trial thus conflicts with her unsworn statements in this appeal.

Further, as set forth in footnote 2 of this opinion, it appears that the change from Waterbury to Torrington was made at the plaintiff's request, after she provided Waterbury with two forms of proof that she lived in Torrington on October 1, 2004, also undercutting her argument as to lack of notice.

The plaintiff's claims at trial were that the three year statute of limitations under which the assessor could issue a certificate of change had run, that she had paid her taxes, and that the certificate of change form incorrectly listed § 12-60, instead of §12-57, at the top. At no point during trial, or in her pleadings, did the plaintiff allege a lack of notice of the 2010 tax assessment.

———————————————