## DONALD E. AHERN *v.* STATE EMPLOYEES RETIREMENT COMMISSION
(AC 16330)

Lavery, Schaller and Hennessy, Js.

Argued December 1, 1997—officially released April 21, 1998

*Jason W. Cohen*, with whom, on the brief, was *J. William Gagne, Jr.*, for the appellant (plaintiff).

*Sharon A. Scully*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Charles A. Overend*, assistant attorney general, for the appellee (defendant).

*Opinion*

HENNESSY, J. The plaintiff, Donald E. Ahern, appeals from the trial court's dismissal of his appeal from the state employees retirement commission's denial of a request for reconsideration of a decision. The commission asserts that there is no right to appeal the calculation of retirement benefits under the Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166 et seq.; because this proceeding does not qualify as a contested case. The commission argues that this is so because there is no statutory requirement that the retirement commission provide a hearing pursuant to § 4-166 (2). We agree.

The following facts are relevant to the resolution of this claim. On July 21, 1994, a union representative contacted the director of the retirement division of the state comptroller requesting that the division explain the calculation of Ahern's retirement benefits. The division provided an explanation of its calculation with which Ahern disagreed. Accordingly, on October 14, 1994, the plaintiff filed a claim pursuant to General Statutes § 5-155a (j) in which he requested that the commission review the calculation of benefits. A hearing was held before the commission on November 17, 1994, and on July 20, 1995, the computation of Ahern's benefits was unanimously affirmed. Ahern requested reconsideration by the commission, and on March 21, 1996, the commission issued its final decision.

On May 1, 1996, Ahern petitioned the Superior Court for review of the commission ruling affirming the computation of benefits. Ahern alleged in his petition that

the state employees retirement commission is an administrative agency of the state that is empowered to review and reconsider decisions of the retirement division pursuant to § 5-155a (k). Accordingly, pursuant to General Statutes § 4-183, the Superior Court has jurisdiction to review decisions of the commission. On June 21, 1996, the commission filed a motion to dismiss Ahern's petition for lack of subject matter jurisdiction over the issues raised.

On August 12, 1996, a hearing was held before the court, *O'Neill, J.*, regarding the commission's motion to dismiss. The commission argued that there is no right to a hearing before the retirement commission under *Derwin* v. *State Employees Retirement Commission*, 234 Conn. 411, 661 A.2d 1025 (1995), and, accordingly, no right to appeal under the UAPA. In response, Ahern argued that a change in the statutory language created an exception, thereby giving him the right to appeal. The trial court dismissed the petition, reasoning that if Ahern's argument were correct the legislative commissioners' office would have in effect overruled a Supreme Court decision by making a technical change in the statute.[1] The sole issue on appeal is whether changes in the wording of § 5-155a (j) created a statutory right to appeal that did not previously exist.

---

[1] The relevant portion of the trial court's comments are as follows: "It's not only that there's no legislative history, technical changes are made by the legislative commissioners' office without any input from the state legislature except they put their fingerprints on it at the very end; it's a good bill, and it should pass. . . . We have to decide, what did the legislature want. *Derwin* [v. *State Employees Retirement Commission*, supra, 234 Conn. 411] has told us that . . . not appealable under 4-183. . . . This is not a contested case, clearly. It doesn't fit under that at all. . . . The real people who decide these things sit on the other side of Capitol Avenue [in Hartford]. They're on the west side, not the legislative commissioners' office. They're not going to decide it. They're not going to decide an issue like that. Was the Supreme Court wrong? We'll reverse them. No, not the legislative commissioners. They would never do that intentionally. I don't know what they're doing with their technical change, but they're obviously not doing that."

Pursuant to § 5-155a (g), the retirement commission "may hold hearings when deemed necessary in the performance [of] its duty." The *Derwin* court concluded that this language allowed the commission to determine if it should conduct a hearing and that if the commission granted a hearing, it did not convert the proceeding into a contested case. Therefore, in any matter brought before this agency, there can never be a "contested case" as defined in § 4-166 (2) because decisions of the commission are not final for purposes of the UAPA.

In *Derwin* v. *State Employees Retirement Commission*, supra, 234 Conn. 411, the Supreme Court held that the Superior Court lacked subject matter jurisdiction over a plaintiff's appeal from the commission's denial of a request for reconsideration. Our Supreme Court concluded that there was no right to appeal because the denial did not constitute a "final decision"[2] in a contested case for purposes of appeal as required by § 4-183 (a). Id., 423.

Prior to the 1994 amendment, General Statutes (Rev. to 1993) § 5-155a (k), which governs the review of retirement benefit claims and sets forth the available appellate remedies, provided: "If any claim is denied, a claimant may request that the decision be reviewed

---

[2] General Statutes § 4-183 (a) provides: " A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court as provided in this section. The filing of a petition for reconsideration is not a prerequisite to the filing of an appeal." In addition, "[t]he appealability of an agency decision is governed by § 4-183 (a) of the UAPA, which provides that '[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a *final decision* may appeal to the superior court as provided in this section.' . . . Accordingly, we have consistently held that the Superior Court has jurisdiction only over appeals from a 'final decision' of an administrative agency. See, e.g., *State* v. *State Employees' Review Board*, 231 Conn. 391, 400 n.13, 650 A.2d 158 (1994); *Summit Hydropower Partnership* v. *Commissioner of Environmental Protection*, [226 Conn. 792, 811–12, 629 A.2d 367 (1993)]." (Emphasis in original.) *Derwin* v. *State Employees Retirement Commission*, supra, 234 Conn. 418.

and reconsidered by the commission. Thereafter, any contested case shall be decided in accordance with [the UAPA.]" Section 5-155a (k) was amended during the May 25, 1994, special legislative session by Public Acts 1994, No. 94-1, § 68, to add that "any such case shall be decided as a contested case in accordance with [the UAPA]." Ahern argues that this amendment to the statute is substantive and therefore creates a right to appeal while the commission argues that it was merely technical and does not create a right to appeal. Both parties agree that if we conclude that the 1994 amendment is found to be a technical amendment to the statute, the plaintiff cannot be granted the relief requested.

"To determine whether [a change in language] should be characterized as [technical], we look to the legislative history to determine the legislative intent. *Connecticut National Bank* v. *Giacomi*, 242 Conn. 17, 40, 699 A.2d 101 (1997) . . . ." (Citations omitted; internal quotation marks omitted.) *Toise* v. *Rowe*, 243 Conn. 623, 628, 707 A.2d 25 (1998). Our review of the legislative history convinces us that Public Acts, Spec. Sess., May 25, 1994, No. 94-1, House Bill No. 7002, titled, "An Act Concerning the Revisor's Technical Corrections to the General Statutes and to Certain Public and Special Acts," was purely technical. The legislative debate in both houses confirms this. For example, Representative Richard D. Tulisano stated that the House had been "advised by [the legislative commissioners' office] that everything in [H.B. 7002] is technical in nature . . . and it has no substantive import whatsoever." 37 H.R. Proc., Pt. 25, May 25, 1994 Spec. Sess., p. 9129. In the Senate, Senator George C. Jepsen stated that "we asked the Legislative Commissioners' Office to go through the bill and [present to us only] those portions which are purely technical in nature. . . . All amendments [in H.B. 7002] . . . are technical in their scope." 37 S. Proc., Pt. 10, May 25, 1994 Spec. Sess., pp. 3386–87.

On the basis of the foregoing, we conclude that the amendment was technical and created no new substantive right to appeal.

The right to appeal from a decision of an administrative agency to the Superior Court is a creature of statute. *Circle Lanes of Fairfield, Inc.* v. *Fay*, 195 Conn. 534, 540–41, 489 A.2d 363 (1985). Furthermore, the right to appeal is a substantive right that may not be created through a technical change to a statute. *In re Daniel H.*, 237 Conn. 364, 373–74, 678 A.2d 462 (1996); *In re Judicial Inquiry No. 85-01*, 221 Conn. 625, 632, 605 A.2d 545 (1992). Under the controlling case law, if the amendment is technical or clarifying, it may not create a substantive right to appeal. Because we conclude that the change in the statute is technical, the phrase may not be interpreted to create the right to appeal.

The judgment is affirmed.

In this opinion SCHALLER, J., concurred.

LAVERY, J., concurring. I agree with the majority that the judgment of the trial court should be affirmed. I write separately, however, because I believe the following additional analysis is necessary to reach the majority's conclusion.

Appeals from the decisions of an administrative agency are governed by General Statutes § 4-183 (a) of the Uniform Administrative Procedure Act (UAPA). Section 4-183 (a) provides: "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a *final decision* may appeal to the Superior Court as provided in this section. The filing of a petition for reconsideration is not a prerequisite to the filing of such an appeal." (Emphasis added.) Accordingly, it has been "consistently held that the Superior Court has jurisdiction only over appeals from a 'final decision' of an administrative agency."

*Derwin* v. *State Employees Retirement Commission,*
234 Conn. 411, 418, 661 A.2d 1025 (1995).

The term "final decision" is defined in General Stat-
utes § 4-166 (3), which states that a " '[f]inal decision'
means (A) the agency determination in a *contested case,*
(B) a declaratory ruling issued by an agency pursuant
to section 4-176 or (C) an agency decision made after
reconsideration. The term does not include a prelimi-
nary or intermediate ruling or order of an agency, or a
ruling of an agency granting or denying a petition for
reconsideration . . . ." (Emphasis added.)

General Statutes § 4-166 (2) provides: " 'Contested
case' means a proceeding, including but not restricted
to rate-making, price fixing and licensing, in which the
legal rights, duties or privileges of a party are required
*by statute* to be determined by an agency after an oppor-
tunity for hearing or in which a hearing is in fact held,
but does not include proceedings on a petition for a
declaratory ruling under section 4-176 or hearings
referred to in section 4-168 . . . ." (Emphasis added.)
In *Summit Hydropower Partnership* v. *Commissioner
of Environmental Protection,* 226 Conn. 792, 811, 629
A.2d 367 (1993), our Supreme Court stated: "[W]e read
§ 4-166 (2) as manifesting a legislative intention to limit
contested case status to proceedings in which an agency
is *required by statute* to provide an opportunity for a
hearing to determine a party's legal rights or privileges."
(Emphasis in original.) The statutes governing the state
employees retirement commission, General Statutes
§§ 5-152 through 5-156f, do not require that a hearing
be held to determine a party's legal rights or privileges.
Therefore, in any matter brought before this agency, it
appears that there can never be a "contested case" as
defined in § 4-166 (2).

In this case, Ahern filed a claim pursuant to General
Statutes § 5-155a (j) on October 14, 1994. A hearing was

held pursuant to § 5-155a (g) on November 17, 1994. Ahern's claim was denied on July 20, 1995. He then sought reconsideration pursuant to § 5-155a (k), on August 24, 1995. Section 5-155a (k) provides: "If any claim is denied, a claimant may request that the decision be reviewed and reconsidered by the commission. Thereafter, any such case shall be decided as a *contested case* in accordance with [the UAPA]." (Emphasis added.)

The retirement commission granted the request for reconsideration. There was no hearing held and none was required. The review of the claim was based on the record. On March 21, 1996, the commission issued a decision in which it affirmed its earlier decision. Ahern then appealed that decision to the Superior Court pursuant to § 4-183. The commission filed a motion to dismiss arguing that the Superior Court lacked subject matter jurisdiction. The Superior Court granted the motion to dismiss. Ahern then filed this appeal.

On appeal, Ahern claims that § 5-155a (k) grants the Superior Court subject matter jurisdiction to hear the appeal under § 4-183. Specifically, he argues that § 5-155a (k) creates a statutory right to appeal a reconsideration decision of the commission. He argues that the revision to § 5-155a (k) created this right, clarifying the language that was ambiguous under the prior version. The prior version of § 5-155a (k) stated: "If any claim is denied, a claimant may request that the decision be reviewed and reconsidered by the commission. Thereafter, any contested case shall be decided in accordance with [the UAPA]." General Statutes (Rev. to 1993) § 5-155a (k). The revision replaced "any contested case" with "any such case." Ahern argues that this change mandates that the reconsideration hearing be handled as a contested case including the right to appeal the decision under § 4-183. Thus, an exception to the rules regarding "contested cases" has been created.

The defendant argues that the change to § 5-155a (k) requires the commission "to decide" reconsideration requests in the same manner that reconsideration requests are decided in contested cases under the UAPA, specifically General Statutes § 4-181a.[1] The reference to "any such case" refers to a case where the claimant has requested review or reconsideration. Therefore, in the situation where a claim is denied and the claimant files a request for reconsideration, and the request is granted, the procedures used by the commission for the reconsideration are those in § 4-181a. I agree.

---

[1] General Statutes § 4-181a provides: "Contested cases. Reconsideration. Modification. (a) (1) Unless otherwise provided by law, a party in a contested case may, within fifteen days after the personal delivery or mailing of the final decision, file with the agency a petition for reconsideration of the decision on the ground that: (A) An error of fact or law should be corrected; (B) new evidence has been discovered which materially affects the merits of the case and which for good reasons was not presented in the agency proceeding; or (C) other good cause for reconsideration has been shown. Within twenty-five days of the filing of the petition, the agency shall decide whether to reconsider the final decision. The failure of the agency to make that determination within twenty-five days of such filing shall constitute a denial of the petition. (2) Within forty days of the personal delivery or mailing of the final decision, the agency, regardless of whether a petition for reconsideration has been filed, may decide to reconsider the final decision. (3) If the agency decides to reconsider a final decision, pursuant to subdivision (1) or (2) of this subsection, the agency shall proceed in a reasonable time to conduct such additional proceedings as may be necessary to render a decision modifying, affirming, or reversing the final decision.

"(b) On a showing of changed conditions, the agency may reverse or modify the final decision, at any time, at the request of any person or on the agency's own motion. The procedure set forth in this chapter for contested cases shall be applicable to any proceeding in which such reversal or modification of any final decision is to be considered. The party or parties who were the subject of the original final decision, or their successors, if known, and intervenors in the original contested case, shall be notified of the proceeding and shall be given the opportunity to participate in the proceeding. Any decision to reverse or modify a final decision shall make provision for the rights or privileges of any person who has been shown to have relied on such final decision.

"(c) The agency may, without further proceedings, modify a final decision to correct any clerical error. A person may appeal that modification under

It appears that § 5-155a (k) allows the retirement commission to reconsider its own decisions, which are not final decisions for the purpose of appeal. The change was needed to clarify that the procedure to be used is that used with contested cases under § 4-181a of the UAPA. I believe the change was implemented because there are no contested cases before the retirement commission. The old language of § 5-155a (k) referred to contested cases, which do not exist. Therefore, the change was needed to clarify the procedure to be used by the commission if it granted a claimant's request to reconsider a nonfinal commission decision.

Ahern's reconsideration decision, pursuant to § 5-155a (k), is not appealable because it is not a *final decision* as defined in the UAPA, § 4-166 (3) (A). The reconsideration decision is not appealable as an "agency determination in a contested case" under § 4-166 (3) (A) because there is no statutory requirement that a reconsideration hearing be given. *Summit Hydropower Partnership* v. *Commissioner of Environmental Protection*, supra, 226 Conn. 811. It is not considered "an agency decision made after reconsideration" under § 4-166 (3) (C) because that definition is limited to reconsiderations of decisions that are already *final* for purposes of appeal. *Derwin* v. *State Employees Retirement Commission*, supra, 234 Conn. 421. Thus, the original decision being reconsidered in this case was not a final decision in a contested case because it was not final for purposes of appeal and not rendered after a statutorily mandated hearing.[2]

I concur with the result.

the provisions of section 4-183 or, if an appeal is pending when the modification is made, may amend the appeal."

[2] My review indicates that there are no "contested cases" in matters before the retirement commission because there is no statutory requirement for a hearing satisfying § 4-166 (2). It also appears that there is only one way to get a "final decision" from the retirement commission, and that is through § 4-166 (3) (B). In *LoPresto* v. *State Employees Retirement Commission*,

234 Conn. 424, 662 A.2d 738 (1995), the plaintiff sought declaratory relief pursuant to General Statutes § 4-176 (a). When the commission issued a declaratory ruling rejecting the plaintiff's claim, he appealed to the Superior Court pursuant to § 4-183. Our Supreme Court stated: "The commission's declaratory ruling constituted a 'final decision' for purposes of appeal under § 4-183. See General Statutes § 4-166 (3) (B) . . . ." Id., 432 n.15. Thus, it appears that the only way to get a "final decision" from the retirement commission that is appealable to the Superior Court is by seeking a declaratory judgment pursuant to § 4-176 (a). There appear to be no final decisions from the retirement commission satisfying § 4-166 (3) (A) or (C).