******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

CAROL WALENSKI *v.* CONNECTICUT STATE
EMPLOYEES RETIREMENT
COMMISSION ET AL.
(AC 40603)

Lavine, Moll and Bishop, Js.

*Syllabus*

The plaintiff appealed to the trial court from the decision of the defendant
Connecticut State Employees Retirement Commission denying her claim
for certain spousal retirement benefits pursuant to the State Employees
Retirement Act (§ 5-152 et seq.). The plaintiff's husband, W, a former
state employee, had elected a retirement benefit option that reduced
his retirement benefits during his lifetime and provided spousal benefits
to his surviving spouse after his death. At the time of his retirement, W
was married to his first wife. Following his divorce from his first wife
but before he had married the plaintiff, W attempted to change the
beneficiary of his surviving spouse benefits, but he was informed that
he could not do so. Thereafter, W and the plaintiff were married and
remained so until W's death, after which the plaintiff contacted the
retirement services division of the Office of the State Comptroller to
discuss her claim that she was entitled to receive spousal retirement
benefits. The assistant director of the division sent the plaintiff a letter
that advised her that the letter was an administrative denial of her
request for spousal benefits and informed her of her right to make a
written claim to the commission requesting review of the administrative
denial. In response, the plaintiff made a written request for review and
for a full hearing before the commission but did not receive a response.
The plaintiff then appealed to the trial court, and the commission filed
a motion to dismiss on the ground that the court lacked subject matter
jurisdiction because the plaintiff failed to exhaust her administrative
remedies. During the hearing on the motion to dismiss, the commission
expressed a willingness to reach a final decision in the case by waiving
the fifth step of its administrative process but asked that the plaintiff
complete the fourth step by requesting reconsideration of the denial of
her claim for benefits. Relying on the commission's representation, the
trial court ordered that the case be remanded to the commission for a
hearing and a final decision on the plaintiff's claim, and it retained
jurisdiction over the matter. Thereafter, the commission held an informal
hearing, denied the plaintiff's request for reconsideration and indicated
in a letter to the plaintiff that the act did not allow for a change in
election or beneficiary after benefits had been provided to a member.
Following the reinstatement of the plaintiff's appeal, the court, sua
sponte, questioned its subject matter jurisdiction over the matter and
ordered supplemental briefing. Thereafter, the court rendered judgment
dismissing the appeal, concluding that it lacked subject matter jurisdic-
tion because the plaintiff had not appealed from a final decision and
had failed to exhaust her administrative remedies. On the plaintiff's
appeal to this court, *held*:

1. The plaintiff could not prevail on her claim that the trial court had subject
matter jurisdiction over her appeal because the commission agreed that
the court had jurisdiction and because the court's order remanding the
case to the commission and its decision to exercise jurisdiction over
the appeal at that time constituted the law of the case; it is well settled
that parties cannot, by waiver or agreement, confer subject matter juris-
diction on the court, and, under the law of the case doctrine, one judge
of the Superior Court is not bound by a prior judge's decision regarding
the court's subject matter jurisdiction.

2. The plaintiff's claim that the dismissal of her appeal was improper because
she appealed from a final decision by an administrative agency in accor-
dance with the applicable statute (§ 4-166 [5] [A] and [C]) was unavailing,
as the plaintiff did not possess a statutory or regulatory right to have
the commission decide her rights or privileges in a hearing and, thus,
did not appeal from an agency determination in a contested case, which

is a proceeding in which the legal rights, duties or privileges of a party are required by statute or regulation to be determined by an agency after an opportunity for a hearing; even if this court assumed that the plaintiff's legal rights or privileges were at issue before the commission, neither the governing statutes nor the applicable regulations required the commission to hold a hearing to determine her rights or privileges in a hearing, and neither the letter the plaintiff received from the division's assistant director notifying her that her request for spousal benefits had been administratively denied, nor the commission's denial of her claim following the trial court's remand order were agency determinations in a contested case as defined by the act, and the fact that a hearing was in fact held before the commission did not render the plaintiff's appeal as having been taken from a final decision under the act.

Argued May 16—officially released October 16, 2018

*Procedural History*

Appeal from the decision by the named defendant denying the plaintiff's claim for certain survivor benefits, and for other relief, brought to the Superior Court in the judicial district of New Britain, where the court, *Schuman, J.*, granted in part the defendants' motions to dismiss; thereafter, the court, *Huddleston, J.*, rendered judgment dismissing the appeal, from which the plaintiff appealed to this court. *Affirmed.*

*Harold J. Geragosian*, for the appellant (plaintiff).

*Cindy M. Cieslak*, with whom, on the brief, was *Michael J. Rose*, for the appellee (named defendant).

*Alayna M. Stone*, assistant attorney general, with whom, on the brief, was *George Jepsen*, for the appellees (defendant state of Connecticut et al.).

*Robert J. Kor*, with whom was *Marialta Sparagna*, for the appellee (defendant Arlene M. Walenski).

*Opinion*

LAVINE, J. The sole issue in this appeal is whether the trial court properly dismissed the administrative appeal filed by the plaintiff, Carol Walenski, for lack of subject matter jurisdiction due to her failure to obtain a final decision from, or to otherwise exhaust her administrative remedies with, the named defendant, the Connecticut State Employees Retirement Commission (commission).[1] On appeal, the plaintiff claims that the trial court, *Huddleston*, *J.*, improperly dismissed her appeal because (1) the commission and a prior judge of the Superior Court concluded that the court had subject matter jurisdiction, and (2) she appealed from a final decision by an administrative agency pursuant to General Statutes § 4-166 (5) (A) and (C).[2] We affirm the judgment of the trial court.

The present appeal involves a rather tangled procedural history that arose when the plaintiff, the second wife of a former state employee, Walter Walenski (Walter), was denied certain spousal retirement benefits in accordance with the State Employees Retirement Act (act), General Statutes § 5-152 et seq. At the root of the appeal was Walter's decision to elect a retirement benefit option that reduced his retirement benefits during his lifetime and provided spousal benefits to his surviving spouse after his death. See General Statutes § 5-165 (a).

The trial court's memorandum of decision and the record reveal the following undisputed facts and procedural history that are relevant to this appeal. Walter retired from state employment in 1989. At the time he retired, Walter was married to his first wife the defendant Arlene M. Walenski (Arlene).[3] On September 30, 1997, Walter and Arlene divorced and, in their separation agreement, agreed that each of them would retain his or her own pension free and clear of any claims from the other. In 1997, sometime after he was divorced from Arlene, but before he married the plaintiff, Walter attempted to change the beneficiary of his surviving spouse benefits. He was informed that he could not do so. On April 18, 1998, approximately seven months after he was divorced from Arlene, Walter married the plaintiff. Walter and the plaintiff remained married until Walter passed away on May 20, 2015.

The plaintiff subsequently contacted the retirement services division of the Office of the State Comptroller (retirement services) after Walter's death to discuss receiving spousal retirement benefits.[4] Cindy Wilson, a representative of retirement services, sent the plaintiff a letter, dated June 4, 2015, indicating that she was "entitled to receive 50 [percent] of [Walter's retirement] benefits . . . ." After the plaintiff received this correspondence, however, another representative from retirement services verbally told her that the informa-

tion in the letter she received from Wilson was incorrect and that her application for benefits was denied. In a follow up letter, dated July 14, 2015, Bonnie Price, the assistant director of retirement services, "advised [the plaintiff] that [the letter was] an administrative denial [of her request for spousal benefits]" and informed her that she "[had] the right to make a written claim to the [commission] requesting review of [the] administrative denial."[5] Thereafter, on July 30, 2015, the plaintiff made a written request for review and for a full hearing "before the commission to exhaust available remedies . . . ." She did not receive a response to her July 30, 2015 letter.

On March 31, 2016, the plaintiff commenced the underlying action and, in an amended complaint, alleged four counts: (1) an administrative appeal from the commission pursuant to General Statutes § 4-183; (2) breach of an agreement; (3) various common-law claims against Arlene; and (4) a request for declaratory judgment.[6] On May 20, 2016, the commission filed a motion to dismiss. The commission argued, among other grounds, that the court lacked subject matter jurisdiction over the claims alleged against it because the plaintiff failed to exhaust her administrative remedies. According to the commission, the plaintiff failed to exhaust its "five-step administrative process."[7] On June 22, 2016, the defendant state of Connecticut and the defendant Connecticut state comptroller filed a joint motion to dismiss. See footnotes 1 and 6 of this opinion. Among other grounds, they, too, argued that the court lacked subject matter jurisdiction over the counts directed against them because the plaintiff failed to exhaust her administrative remedies. The plaintiff opposed the motions to dismiss.

Notwithstanding the arguments regarding the plaintiff's alleged failure to exhaust her administrative remedies, during a hearing on the motions to dismiss, the commission "expressed a willingness to reach a final decision in [the] case by October 20, 2016." More specifically, the commission indicated that it would "waive the fifth step of its administrative process"—i.e., a declaratory ruling—in an effort to avoid further delay, but asked that the plaintiff obtain a "final decision" from the commission by requesting reconsideration (step four of administrative process). See footnote 7 of this opinion. Relying on the commission's representation, the court, *Schuman*, *J.*, remanded count one—the administrative appeal—to the commission. Judge Schuman's September 1, 2016 order addressing the motions to dismiss provided in relevant part: "[T]he court remands count one to the full commission to hear, decide, and reach a final decision on the plaintiff's claim by October 20, 2016. The court retains jurisdiction. In the event of a commission decision adverse to the plaintiff, the plaintiff may return to court by motion to reinstate the appeal." The court dismissed counts two and

four of the amended complaint due to a lack of subject matter jurisdiction; it stayed count three.[8]

On September 15, 2016, in response to Judge Shuman's order, the plaintiff filed a substitute complaint (operative complaint). The operative complaint sounded in two counts: (1) an administrative appeal from the commission pursuant to § 4-183 and (2) a single count directed against Arlene, which alleged various common-law claims.

On October 20, 2016, the commission held an informal hearing and denied what it considered "[the plaintiff's] request for reconsideration of [retirement services'] denial of a spousal benefit." The commission further indicated in a letter, also dated October 20, 2016, that it "agree[d] that [§] 5-165 (a) does not allow for a change in election or beneficiary after benefits have been provided to the member." On October 27, 2016, the plaintiff filed a motion to reinstate the appeal in the Superior Court, which Judge Huddleston granted absent objection.

Following the reinstatement of the plaintiff's appeal, a dispute arose between the parties regarding the proper record before the court. During oral argument addressing the parties' dispute about the record, Judge Huddleston, sua sponte, questioned the court's subject matter jurisdiction. The court ordered supplemental briefing, and in their memoranda of law, both the plaintiff and the commission argued that the court had subject matter jurisdiction.[9] The plaintiff relied primarily on Judge Schuman's September 1, 2016 order and contended that the hearing before the commission on October 20, 2016, was a contested case under § 4-166 (4) and (5). The commission argued that it was futile to remand the case to it and that it had waived the fifth step of its usual administrative procedure. Relying principally on *Derwin* v. *State Employees Retirement Commission*, 234 Conn. 411, 661 A.2d 1025 (1995), and *Ahern* v. *State Employees Retirement Commission*, 48 Conn. App. 482, 710 A.2d 1366, cert. denied, 245 Conn. 911, 718 A.2d 16 (1998), Judge Huddleston disagreed, concluding that the plaintiff had not appealed from a "final decision"; see General Statutes § 4-166 (5); and had failed to exhaust her administrative remedies. See General Statutes § 4-183 (a). This appeal followed.[10]

We begin by setting forth the principles of law governing our standard of review. "In an appeal from the granting of a motion to dismiss on the ground of subject matter jurisdiction, this court's review is plenary. A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record. . . . It is a familiar principle that a court which exercises a limited and statutory jurisdic-

tion is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation." (Internal quotation marks omitted.) *Berka* v. *Middletown*, 181 Conn. App. 159, 163, 185 A.3d 596, cert. denied, 328 Conn. 939, 184 A.3d 268 (2018).

"When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . In undertaking this review, we are mindful of the well established notion that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) *Cuozzo* v. *Orange*, 315 Conn. 606, 614, 109 A.3d 903 (2015).

We quickly can dispose of the plaintiff's first claim on appeal. She first argues that the court had subject matter jurisdiction over her appeal because the commission, in response to Judge Huddleston's supplemental briefing order, agreed that the court had jurisdiction. Second, she argues that Judge Schuman's September 1, 2016 order, and his decision to exercise jurisdiction over the appeal, constituted the "law of the case." As to the first argument, it is well settled that parties cannot, by waiver or agreement, confer subject matter jurisdiction on the court. See *Kleen Energy Systems, LLC* v. *Commissioner of Energy & Environmental Protection*, 319 Conn. 367, 380–81, 125 A.3d 905 (2015). As to the second argument, one judge of the Superior Court, under the law of the case doctrine, is not bound by a prior judge's decision regarding the court's subject matter jurisdiction.[11] See *Lewis* v. *Gaming Policy Board*, 224 Conn. 693, 698–99, 620 A.2d 780 (1993). Accordingly, we are unpersuaded by the plaintiff's contention that Judge Huddleston improperly determined that the court lacked subject matter jurisdiction over her administrative appeal due to the commission's agreement that the court had subject matter jurisdiction or on the basis of Judge Schuman's order of September 1, 2016.

We now turn to the plaintiff's remaining claim on appeal, namely, that she appealed from a final decision by an administrative agency pursuant to § 4-166 (5) (A) and (C).[12] It is well settled that "[t]here is no absolute right of appeal to the courts from a decision of an administrative agency. . . . The [Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166 et seq.] grants the Superior Court jurisdiction over appeals

of agency decisions only in certain limited and well delineated circumstances. . . . Judicial review of an administrative decision is governed by . . . § 4-183 (a) of the UAPA, which provides that [a] person who has exhausted all administrative remedies . . . and who is aggrieved by a final decision may appeal to the superior court . . . ." (Internal quotation marks omitted.) *Ferguson Mechanical Co.* v. *Dept. of Public Works*, 282 Conn. 764, 771, 924 A.2d 846 (2007). "Accordingly, [courts] have consistently held that the Superior Court has jurisdiction only over appeals from a 'final decision' of an administrative agency." *Derwin* v. *State Employees Retirement Commission*, supra, 234 Conn. 418.

Section 4-166 provides in relevant part: "As used in this chapter. . . (5) 'Final decision' means (A) the agency determination in a contested case, (B) a declaratory ruling issued by an agency pursuant to section 4-176, or (C) an agency decision made after reconsideration. The term does not include a preliminary or intermediate ruling or order of an agency, or a ruling of an agency granting or denying a petition for reconsideration . . . ."

"A contested case is defined in § 4-166 [4] as a proceeding . . . in which the legal rights, duties or privileges of a party are *required by state statute or regulation* to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held . . . .[13] Not every matter or issue determined by an agency qualifies for contested case status. . . . [Our Supreme Court has] determined that even in a case where a hearing is in fact held, in order to constitute a contested case, a party to that hearing must have enjoyed a statutory [or regulatory] right to have his legal rights, duties or privileges determined by that agency holding the hearing. . . . In the instance where no party to a hearing enjoys such a right, the Superior Court is without jurisdiction over any appeal from that agency's determination. . . .

"A party seeking review of a state agency's action, therefore, must establish more than aggrievement (injury in fact); [she] must establish that the injury resulted from a final decision in a contested case . . . . Our courts have had ample opportunity to construe the definition of contested case. The test for determining contested case status has been well established and requires an inquiry into three criteria, to wit: (1) whether a legal right, duty or privilege is at issue, (2) and is statutorily [or regulatorily] required to be determined by the agency, (3) through an opportunity for hearing or in which a hearing is in fact held." (Citations omitted; emphasis in original; footnote added; footnotes omitted; internal quotation marks omitted.) *Ferguson Mechanical Co.* v. *Dept. of Public Works*, supra, 282 Conn. 771–72; see also *Summit Hydropower Partnership* v. *Commissioner of Environmental Protection*, 226

Conn. 792, 800–801, 629 A.2d 367 (1993).

The plaintiff claims that she has, in fact, appealed from a final decision in accordance with § 4-166 (5) (A) and (C). More specifically, she first appears to claim that the letter she received from retirement services on July 14, 2015, which notified her that it was "an administrative denial" of her request for spousal benefits and also informed her of her "right to make a written claim to the [commission] requesting review of [retirement services'] administrative denial," was a "final agency decision." Second, she argues that the October 20, 2016 decision by the commission, which Judge Schuman prompted by his September 1, 2016 order, was "the date of exhaustion of administrative remedies with the [commission] as well as the date of the final decision . . . ." Additionally, she argues that the court had subject matter jurisdiction pursuant to General Statutes § 5-155a (k).[14] We are unpersuaded by the plaintiff's arguments and agree with Judge Huddleston's well reasoned decision that the court lacked subject matter jurisdiction.

As defined by § 4-166 (5) (A), a "final decision" is "the agency determination in a contested case . . . ." Section 4-166 (4), in turn, defines a "contested case" as "a proceeding . . . in which the legal rights, duties or privileges of a party *are required by state statute or regulation* to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held . . . ." (Emphasis added.) Even if we assume that the plaintiff's legal right or privilege was at issue before the commission, neither the governing statutes nor the applicable regulations *requires* the commission to hold a hearing to determine her right or privilege in a hearing. See *Ferguson Mechanical Co.* v. *Dept. of Public Works*, supra, 282 Conn. 778 ("because the department was not under a statutory or regulatory mandate to conduct a hearing with respect to the plaintiff's allegations, there was no agency determination in a contested case").

Section 5-155a (g) provides in relevant part: "The commission *may* hold hearings when deemed necessary in the performance of its duty. . . ." (Emphasis added.) Thus, the commission is not required by statute to hold a hearing to determine the plaintiff's right or privilege. See *Derwin* v. *State Employees Retirement Commission*, supra, 234 Conn. 419 n.12 (rejecting plaintiff's claim that he appealed from "contested case" pursuant to § 4-166 (3) (A) [now § 4-166 (5) (A)] "[b]ecause the hearing was not statutorily mandated" under § 5-155a [g]); *Ahern* v. *State Employees Retirement Commission*, supra, 48 Conn. App. 488 (*Lavery, J.*, concurring) ("The statutes governing the state employees retirement commission, General Statutes §§ 5-152 through 5-156f, do not require that a hearing be held to determine a party's legal rights or privileges. Therefore, in any matter brought before this agency, it

appears that there can never be a 'contested case' as defined in § 4-166 [4].").

Additionally, the applicable regulations adopted by the commission pursuant to General Statutes § 5-155b do not *require* that a hearing be held.[15] Section 5-155-9 (c) of the Regulations of Connecticut State Agencies provides in relevant part: "Subject to any directives of the commission, all applications to . . . obtain any benefit authorized by law . . . are processed by the retirement division *as routine business*." (Emphasis added.) A claimant has a right to petition the commission for review of an application, but the regulations simply provide that the claim will be placed on the commission's agenda, with the claimant being scheduled to appear "if warranted," and do not explicitly provide for a hearing. See Regs. Conn. State Agencies § 5-155-10. Finally, § 5-155-11 of the Regulations of Connecticut State Agencies provides: "All hearings conducted in the state employees' retirement commission are conducted *in accordance with the requirements of and procedures suggested in sections 4-177 through 4-182 inclusive* of the 1971 Supplement to the General Statutes as the same may be amended from time to time. Conferences, interviews, and informal hearings conducted or held as a part of the administrative processes of the state employees' retirement commission are conducted on an informal basis, in accordance with standards designed to meet the purposes to be accomplished by the proceeding." (Emphasis added.)

By their plain terms, the applicable regulations do not *require* that a hearing be held;[16] rather, consistent with § 5-155b, they establish a *procedure* in which a hearing may be held and provide that such hearings "are conducted in accordance with the requirements of and procedures" set forth in §§ 4-177 through 4-182. Regs. Conn. State Agencies § 5-155-11. Section 4-177 (a), in turn, provides: "*In a contested case*, all parties shall be afforded an opportunity for hearing after reasonable notice." (Emphasis added.); see also General Statutes §§ 4-177a through 4-181a (referencing procedures "in a contested case"). As previously stated, § 4-166 (4) defines a "contested case" as "a proceeding . . . in which the legal rights, duties or privileges of a party are *required by state statute or regulation* to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held . . . ." (Emphasis added.) Simply put, the regulations promulgated by the commission, although convoluted, do not *require* that a hearing be held before the commission to determine a party's rights or privileges.

Under the circumstances presented, neither the letter the plaintiff received from retirement services on July 14, 2015, nor the commission's October 20, 2016 denial is an agency determination in a contested case as defined by the UAPA. In addition, the fact that a hearing

"was in fact held"; General Statutes § 4-166 (4); before the commission on October 20, 2016, following Judge Schuman's remand order, does not render the plaintiff's appeal to the Superior Court as having been taken from a "final decision" under the UAPA. See, e.g., *Ferguson Mechanical Co.* v. *Dept. of Public Works*, supra, 282 Conn. 772 ("where a hearing is in fact held, in order to constitute a contested case, a party to that hearing must have enjoyed a statutory [or regulatory] right to have his legal rights, duties or privileges determined by that agency holding the hearing" [internal quotation marks omitted]); *Derwin* v. *State Employees Retirement Commission*, supra, 234 Conn. 419 n.12 (fact that commission actually held hearing does not convert plaintiff's case into "contested case" under § 4-166 (2) [now § 4-166 (4)]). Accordingly, the plaintiff did not appeal to the Superior Court from an agency determination in a contested case because she did not possess a statutory or regulatory right to have the commission decide her rights or privileges in a hearing. See General Statutes § 4-166 (5) (A).

A "final decision" under § 4-166 (5) (C) is defined as "an agency decision made after reconsideration . . . ." With respect to the plaintiff's contention under this statutory subsection, *Derwin* v. *State Employees Retirement Commission*, supra, 234 Conn. 411, controls. In *Derwin*, the commission denied John T. Derwin's request to include prior municipal service in its calculation of his retirement benefits, granted his request for reconsideration under § 5-155a (k), and affirmed its original denial of his claim. See id., 416–17. Derwin appealed, and the trial court sustained the appeal and remanded the case to the commission. Id., 417. On appeal to our Supreme Court, Derwin argued "that the trial court correctly concluded that it had [subject matter] jurisdiction over [his] appeal because the commission's denial of his request constituted 'an agency decision made after reconsideration' within the meaning of § 4-166 (3) (C) [now § 4-166 (5) (C)]." Id., 419.

Our Supreme Court rejected Derwin's claim. The court observed that: "In determining the proper scope of § 4-166 (3) (C), we look first to General Statutes § 4-181a, which governs the reconsideration of agency decisions pursuant to the UAPA. Under § 4-181a (a) (1), an agency is authorized to reconsider only final decisions in contested cases. Thus, an agency decision is subject to reconsideration under the UAPA only if the decision already is a final decision for purposes of appeal. The plaintiff, however, urges an interpretation of § 4-166 (3) (C) that would convert a nonfinal decision for purposes of appeal into an appealable final decision, a construction that is inconsistent with the dictates of § 4-181a. In the absence of a clear legislative mandate to do so, we will not construe § 4-166 (3) (C) so as to render it incompatible with another provision of the

same statutory scheme." Id., 420–22. After reviewing the relevant legislative history for § 4-166 (3) (C), the court further noted: "As understood by its drafters . . . § 4-166 (3) (C) was not intended to create a new category of appealable decisions for noncontested cases but, rather, to clarify that a party in a contested case may appeal *either* from a final decision of an agency under § 4-166 (3) (A) *or* from an agency decision rendered after reconsideration pursuant to § 4-181a." (Emphasis in original.) Id., 422–23. The court stated: "When read in the proper statutory and historical context, § 4-166 (3) (C) may fairly be construed only to include decisions after reconsideration in contested cases." Id., 424.

Indeed, this court described the judicial gloss provided by *Derwin* as follows: "[I]n any matter brought before [the commission], there can never be a 'contested case' as defined by § 4-166 [4] because decisions of the commission are not final for purposes of the UAPA." *Ahern* v. *State Employees Retirement Commission*, supra, 48 Conn. App. 485; see also *Southern New England Telephone Co.* v. *Dept. of Public Utility Control*, 64 Conn. App. 134, 142, 779 A.2d 817 (2001) ("[r]econsideration for purposes of § 4-166 [5] (C) is limited to a decision that was final before reconsideration because it was made in a contested case"), appeal dismissed, 260 Conn. 180, 799 A.2d 294 (2002) (certification improvidently granted). Accordingly, the plaintiff, here, did not appeal from an agency decision made after reconsideration. See General Statutes § 4-166 (5) (C).

The record reflects that the parties and the court were well intentioned, and we acknowledge that this serpentine process resulted in an unfortunately prolonged journey to this court for the plaintiff. Nonetheless, "[i]f the available administrative procedure . . . provide[s] the [plaintiff] with a mechanism for attaining the remedy that [she] seek[s] . . . [she] must exhaust that remedy." (Internal quotation marks omitted.) *River Bend Associates, Inc.* v. *Water Pollution Control Authority*, 262 Conn. 84, 101, 809 A.2d 492 (2002). That simply did not occur in the present case, and the parties were not at liberty to bypass the available administrative remedies. See *Peters* v. *Dept. of Social Services*, 273 Conn. 434, 441, 870 A.2d 448 (2005) (subject matter jurisdiction requirement may not be waived and court can question its jurisdiction at any time); see also footnotes 7 and 11 of this opinion.

We conclude by noting that, under the present circumstances, "[t]he legislature . . . has the primary and continuing role in deciding which class of proceedings should enjoy the full panoply of procedural protections afforded by the UAPA to contested cases, including the right to appellate review by the judiciary. Deciding which class of cases qualifies for contested case status reflects an important matter of public policy and the

primary responsibility for formulating public policy must remain with the legislature." (Internal quotation marks omitted.) *Peters* v. *Dept. of Social Services*, supra, 273 Conn. 445.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The state of Connecticut, the Connecticut state comptroller and Arlene M. Walenski also were named as defendants.

[2] It is undisputed that the commission is an "agency" under § 4-166 (1).

[3] Walter and Arlene were married on July 4, 1959.

[4] Pursuant to the act, the commission is an independent entity within retirement services that administers the state employees retirement system. See General Statutes § 5-155a (a) ("[t]he State Employee Retirement Commission shall be within the Retirement Division of the office of the Comptroller for administrative purposes only"); see also General Statutes § 5-155a (c) ("[t]he [State Employees] Retirement Commission shall administer this retirement system").

[5] The July 14, 2015 letter stated in relevant part: "Please be advised that this is an administrative denial for the reasons noted below:

"[1] Pursuant to [§ 5-165] an election or change of election must be filed before retirement payments [begin].

"[2] Specifically, in the event of remarriage after retirement, Option 'A' is not transferable to the new spouse and the retiree continues to receive the reduced retirement allowance. The benefit is based on the age of the retiree and spouse at the time of election.

"[3] Additionally, the State Employees Retirement System (SERS) Plan rules are not subject to subsequent divorce judgments.

"Notwithstanding the information contained herein, you have the right to make a written claim to the [commission] requesting review of our administrative denial."

[6] The first, second, and fourth counts of her amended complaint were each directed against the commission, the state comptroller, and the state of Connecticut. See footnote 1 of this opinion.

[7] The five step administrative process is as follows: (1) a final agency decision from retirement services; (2) review of a claimant's appeal by a subcommittee within the commission, which makes a recommendation to the full commission; (3) the full commission's review of the subcommittee's recommendation, which the full commission will decide to accept or reject; (4) reconsideration of the commission's decision in one of two ways, either (a) reconsideration based upon the record and information before the commission or (b) a hearing in front of the full commission; and (5) a petition for a declaratory ruling, with "the declaratory ruling itself [being] considered the final decision of the commission for purposes of appeal to [the] Superior Court."

On July 20, 2016, prior to the commission filing its motion to dismiss, the subcommittee on purchase of service related matters—a subcommittee within the commission—reviewed the plaintiff's request for spousal benefits and recommended denying her request (step two of administrative process). The commission approved the subcommittee's recommendation on August 18, 2015 (step three of administrative process).

[8] With respect to count three of the amended complaint, which was directed against Arlene, the court noted that it could not adjudicate that count until the commission made a final ruling on the distribution of Walter's retirement benefits. Thus, the court stayed count three pending disposition of count one.

[9] The state, the comptroller, and Arlene did not file memoranda of law regarding the court's subject matter jurisdiction.

[10] Following the court's dismissal of the administrative appeal, the court, in response to a motion filed by the plaintiff, transferred the remaining count of the operative complaint against Arlene to the regular civil division of the Superior Court.

[11] Judge Schuman's September 1, 2016 order did not expressly conclude that the court had subject matter jurisdiction. Nonetheless, insofar as his order directed the commission to "reach a final decision" on the plaintiff's claim regarding her entitlement to spousal retirement benefits, the court asserted jurisdiction over the plaintiff's administrative appeal.

The commission argues, as an alternative ground to affirm, that the trial court lacked jurisdiction on September 1, 2016, because, at that point, the

plaintiff had failed to exhaust her administrative remedies. We acknowledge this argument and question whether the trial court had jurisdiction to enter its September 1, 2016 order. Given the procedural irregularities of the present case and because the alternative ground to affirm does not affect the outcome of this appeal, we decide whether the trial court lacked subject matter jurisdiction as framed by the plaintiff's arguments on appeal.

[12] The plaintiff does not claim that she has appealed from a declaratory ruling issued by an agency pursuant to General Statutes § 4-176. See General Statutes § 4-166 (5) (B). We therefore do not address whether the plaintiff has appealed from such a ruling. Nonetheless, in *Ahern*, Judge Lavery observed in his concurring opinion that "it appears that the only way to get a 'final decision' from the . . . commission that is appealable to the Superior Court is by seeking a declaratory judgment pursuant to § 4-176 (a)." *Ahern* v. *State Employees Retirement Commission*, supra, 48 Conn. App. 492 n.2 (*Lavery, J.*, concurring); see also *LoPresto* v. *State Employees Retirement Commission*, 234 Conn. 424, 432 n.15, 662 A.2d 738 (1995) ("[t]he commission's declaratory ruling [pursuant to § 4-176 (a)] constituted a 'final decision' for purposes of appeal under § 4-183").

[13] Section 4-166 was amended by No. 14-187, § 1, of the 2014 Public Acts (P.A. 14-187), which added additional subdivisions to the statute. Prior to the enactment of P.A. 14-187, a "contested case" was defined in § 4-166 (2). A "contested case" is now defined in § 4-166 (4). The material portions of § 4-166 remain the same for purposes of this appeal.

Additionally, "[i]n 2004, the legislature amended the statutory definition of a contested case in § 4-166 [4] to its current form by adding the phrase 'or regulation . . . .' Public Acts 2004, No. 04-94, § 1." *Ferguson Mechanical Co.* v. *Dept. of Public Works*, supra, 282 Conn. 771 n.8.

[14] General Statutes § 5-155a (k) provides: "If any claim [for retirement benefits] is denied, a claimant may request that the decision be reviewed and reconsidered by the commission. *Thereafter, any such case shall be decided as a contested case in accordance with chapter 54 [of the UAPA].*" (Emphasis added.)

We are unpersuaded that the italicized language of § 5-155a (k) transforms the plaintiff's appeal into a "contested case"; see General Statutes § 4-166 (4); and she therefore appealed to the Superior Court from a "final decision." See General Statutes § 4-166 (5) (A). This court previously noted in *Ahern* v. *State Employees Retirement Commission*, supra, 48 Conn. App. 485–86, that § 5-155a (k) was amended during a special session in May, 1994; see Public Acts, Spec. Sess., May 1994, No. 94-1, § 68; to add that "any such case *shall be decided as a contested case in accordance with* [*the UAPA*]." (Emphasis added.) This court held "that the amendment was technical and created no new substantive right to appeal." *Ahern* v. *State Employees Retirement Commission*, supra, 487. Accordingly, "the phrase may not be interpreted to create the right to appeal." Id.

[15] General Statutes § 5-155b provides: "The State Employees Retirement Commission shall adopt regulations, in accordance with the provisions of chapter 54 [of the UAPA], which establish the standards and criteria used by the commission (1) to review and reconsider decisions to deny claims submitted to the commission and (2) to decide contested cases."

Notwithstanding the fact that General Statutes § 5-155 was repealed by No. 83-533, § 53, of the 1983 Public Acts, §§ 5-155-1 through 5-155-13 of the Regulations of Connecticut State Agencies were revised in 2015. Section 5-155-1 of the Regulations of Connecticut State Agencies provides in relevant part: "The State Employees' Retirement Commission derives its duties and authority from the following chapters of the General Statutes: Chapter 66—State Employees Retirement System . . . ." General Statutes § 5-155b is within chapter 66 of the General Statutes and directs the commission to adopt regulations to review and reconsider decisions denying claims for retirement benefits. Accordingly, §§ 5-155-1 through 5-155-13 of the Regulations of Connecticut State Agencies apply to claims for retirement benefits before the commission.

[16] Sections 5-155a-1 and 5-155a-2 of the Regulations of Connecticut State Agencies, which apply to petitions for a declaratory ruling before the commission, do not require the commission to hold a hearing to determine a claimant's right or privilege; see Regs. Conn. State Agencies § 5-155a-1 (a) (2) ("[p]etitions for declaratory rulings may be filed on . . . (2) the applicability to specified circumstances of a provision of the general statutes, a regulation, or a final decision . . . on a matter within the jurisdiction of the commission"); Regs. Conn. State Agencies § 5-155a-1 (e) (1) ("after the filing of a complete petition for a declaratory ruling . . . the commission

shall do *one* of the following, in writing"; regulation lists five options, one of which is "order that the matter be the subject of a hearing as a contested case" [emphasis added]); nor do §§ 5-165-1 through 5-165-4 of the Regulations of Connecticut State Agencies, which generally describe a state employee's ability to select an optional form of retirement salary.

---